**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 25 CV 01056 |
| CLEAR CREDIT AI, LLC, | ) ) ) | |
| Defendant. | ) | |

**INITIAL STATUS REPORT**

1.  **The Nature of the Case:**

    A.  Parties:

    | | |
    |---|---|
    | Plaintiff | Jorge Rojas |
    | Lead Trial Attorney: | Anthony Paronich |
    | | Paronich Law, P.C. |
    | | 350 Lincoln Street, Suite 2400 |
    | | Hingham, MA 02043 |
    | | [o] (617) 485-0018 |
    | | [c] (508) 221-1510 |
    | | [f] (508) 318-8100 |
    | | |
    | Defendant | Clear Credit AI, LLC |
    | | Thomas P. Yardley |
    | | Buchalter P.C. |
    | | 180 N. LaSalle |
    | | Suite 3300 |
    | | Chicago, Illinois 60601 |
    | | tyardley@buchalter.com |
    | | Office: (312) 980-5760 |
    | | Direct: (312) 456-0184 |
    | | Fax: (312) 782-6690 |

    B.  **The Nature of the Claims Asserted in the Complaint**

    **Plaintiff's Statement:** Plaintiff has filed a Class Action Complaint alleging violation of the Telephone Consumer Protection Act's prohibition against prerecorded robocalls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA") to cellular telephones, like the Plaintiff's, without prior express written consent, including the Plaintiff's own. Due to the

1

*en masse* nature of the calling, the Plaintiff has filed this matter as a putative class action on behalf of the following class of individuals:

**TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

The Plaintiff's complaint alleges that the Plaintiff received a call from a fictitious alias "Total Relief Services," which left a pre-recorded message as follows:

Total Relief Services is making a final attempt to contact you about a $48,000…this fund can be utilized…if you wish to apply for this emergency relief, please call 754-732-1169.

The Plaintiff thereafter called back this very number, 754-732-1169, and on the call, was connected with an employee of the Defendant, who provided the Defendant's contact information and emailed the Plaintiff a Legal Services Agreement for Morning Law Group, from the Defendant's email address. Based on this interaction, and upon the information currently known to the Plaintiff, the Plaintiff alleges that the pre-recorded voicemail alleged in the complaint.

C.  **Defendant's Answer to the Complaint – Without Counter/Third Party Claims**

**Defendant's Statement**: Defendant responded to the Complaint by denying all material allegations of Plaintiff's Complaint including paragraph 18 of Plaintiff's Purported Class Action Complaint. Defendant asserts that it did not contact Plaintiff on or about January 14, 2025, or at any other time, and specifically asserts it did not leave any message on Plaintiff's phone. (Defendant Answer Docket # 5).

On March 26, 2025, Defendant through counsel served a Rule 11 letter on counsel for Plaintiff that attached Requests to Produce served on Plaintiff pursuant to FRCP 34 requesting that Plaintiff immediately produce his cell phone for imaging and at the same time requesting that Plaintiff withdraw the Purported Class Action Complaint.

**Plaintiff's Statement**: The Plaintiff denies that Rule 11 has been violated, especially on the basis of the Defendant's simple denial of liability. The Plaintiff's pre-suit investigation developed facts, including the fact that the Plaintiff called the number on the prerecorded call back and was connected to an employee of the Defendant that then sent the Plaintiff an email from the Defendant's email address, to support the allegation that the Defendant delivered the prerecorded voicemail alleged. Moreover, Defendant's compliance counsel confirmed that they received a call from the Plaintiff, as alleged in the Complaint. As such, the Plaintiff's allegations both have and are likely to have evidentiary support. But even assuming, *arguendo*, that discovery will reveal that the Defendant did not itself place the

pre-recorded voicemail, the Defendant may nevertheless be either directly or vicariously liable for the calling conduct at issue under well-established TCPA case law.

The Plaintiff further contests that the Requests for Production were properly served, however, the parties have agreed to mutually exchange and commence discovery on April 2, 2025. Plaintiff will respond to any Rule 11 motion filed, or any discovery, in due course.

**D.	The Major Legal and Factual Issues in the Case.**

- Did Defendant contact Plaintiff as alleged in the Complaint?
- If the Defendant did not contact the Plaintiff, who did, and how did the telephone number the Plaintiff called lead to the Defendant?
- If the Defendant did not contact the Plaintiff, is the Defendant either directly or vicariously liable for the conduct of the entity who did?
- Did the voicemail the Plaintiff received transmit an "artificial or prerecorded voice" in violation of the TCPA?
- If the contact occurred, is it a violation of the TCPA?

**E.	State the Relief Sought by any of the Parties.**

The Plaintiff is seeking statutory damages between $500 and $1,500 per violation under the TCPA on behalf of himself and the putative class. As part of that claim, the Plaintiff seeks certification of the proposed class, appointment of Plaintiff and his Counsel as representatives of the class, as well as declaratory and injunctive relief, as permitted under the TCPA.

**F.	Jurisdiction:  Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

Plaintiff asserts a claim under the TCPA, which is a federal statute.  Under 28 U.S.C. § 1331, he therefore has properly invoked this Court's subject matter jurisdiction over a federal question.  *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012). Defendant does not dispute this Court's subject matter jurisdiction.

**G.	Federal Statutes on which Federal Question Jurisdiction is Based**

The Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA")

**H.	Claims Based on Diversity or Supplemental Jurisdiction**

None

**I.	The Amount in Controversy**

N/A Jurisdiction based under Federal Question.

J. **The state of citizenship of each named party.**

- Plaintiff is a citizen of DuPage County, Illinois (Complaint ¶ 6; Docket # 1).
- Defendant Clear Credit AI LLC is a Delaware Corporation and the managing member and owner is domiciled in Washington.

K. **Status of Service –**

Defendant Clear Credit AI, LLC has been served and has filed an answer.

L. **Consent to Proceed Before a United States Magistrate Judge:**

The parties do not consent to proceed before a United States Magistrate Judge.

M. **Pending Motions**

No motions are pending at this time.

N. **State whether the defendant anticipates responding to the complaint by filing an Answer**

Defendant Clear Credit has filed an answer to the Complaint.

O. **Status of Settlement Discussions:**

None to Date

## PROPOSED CASE MANAGEMENT SCHEDULE

The parties held a Fed. R. of Civ. P. 26(f) meeting on 3/31/2025 attended by: Andrew Perrong for Plaintiff, and Thomas Yardley and Christine Walsh for Defendant.

The parties jointly propose the following discovery plan:

Parties shall issue written discovery by: April 2, 2025

Fed. R. Civ. P. 26(a)(1) Disclosures will be exchanged by: April 14, 2025

Responses to written discovery due: May 2, 2025

All fact discovery shall be completed by: October 29, 2025

4

5

By:_____/s/_____
Clear Credit AI, LLC

Thomas P. Yardley (ARDC No. 6208239)
Buchalter P.C.
180 N. LaSalle
Suite 3300
Chicago, Illinois 60601
tyardley@buchalter.com
Office: (312) 980-5760
Direct: (312) 456-0184
Fax: (312) 782-6690

By:_____/s/_____
Plaintiff Jorge Rojas

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100