UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CLEAR LEAD SOLUTIONS CORP.,**<br><br>**SAJEEL MANZOOR**<br><br>and<br><br>**SAJJAD HAIDER**<br><br>*Defendants*. | Civil Case No.:<br><br>25-CV-01056 |

## [PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff alleges that Clear Lead Solutions Corp. ("Clear Lead"), as well as its owners, Defendants Manzoor and Haider, made unsolicited pre-recorded telemarketing calls to his cellular telephone number as well as those of putative class members.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

4. This Court has jurisdiction over Clear Lead, Manzoor, and Haider because they (1) made the telemarketing calls at issue from this District, and (2) conduct business transactions in this District.

5. Venue is proper in this District because the calls were directed into this District.

**PARTIES**

6. Plaintiff Jorge Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of Dupage County.

7. Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant Clear Lead Solutions Corp. is a Delaware corporation that makes telemarketing calls into this District.

9. Defendant Sajjad Haider is an owner of Defendant Clear Lead that signed up and paid for one of the telephone numbers at issue.

10. Defendant Sajeel Manzoor is an owner of Defendant Clear Lead that was listed as the responsible entity on the website domain from which the Plaintiff received a retainer agreement as a result of the calls at issue.

**TCPA BACKGROUND**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because

"telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

12. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

13. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

14. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

## FACTUAL ALLEGATIONS

**Plaintiff Rojas's Allegations**

16. Plaintiff's telephone number is (424) 219-XXXX.

3

17. That number is assigned to a cellular telephone service.

18. The Plaintiff never consented to receive telemarketing calls from the Defendants.

19. The Plaintiff never did any business with the Defendants.

20. Despite that, Defendants made pre-recorded telemarketing calls to the Plaintiff on at least January 14, 2025 from the telephone number 719-410-3027.

21. A subpoena has revealed that the customer associated with that phone number is Defendant Sajjad Haider, who signed up for the account personally, and as a responsible entity, in the name of Defendant Clear Lead Solutions Corp, with a domain name of clearsolution.ai.

22. Moreover, that telephone number, 719-410-3027, is used by a service called JustDeliverIt, which is a system that is used to send prerecorded messages, including to voicemail services, just as the call Plaintiff received.

23. The call left the following pre-recorded message:

Total Relief Services is making a final attempt to contact you about a $48,000…this fund can be utilized…if you wish to apply for this emergency relief, please call 754-732-1169.

24. The 754-732-1169 number is serviced by a different telephone service provider, RingCentral. A subpoena to RingCentral for the ownership of that number remains outstanding and overdue.

25. The call was clearly pre-recorded because (a) the voice sounded like a robot (b) there was a delay prior to the message being played.

26. Mr. Rojas called back 754-732-1169.

27. On that call, Mr. Rojas was provided with the Defendants' website, https://clearcredit.ai.

28. Indeed, Mr. Rojas received an e-mail with paperwork regarding the debt solutions offering sold by the Defendants from an e-mail address jerome.k@clearsolution.ai.

4

29. At the time of the alleged calls, the domain name "clearsolution.ai" had WHOIS information naming Defendant Manzoor.

30. Shortly after this complaint was filed and served on Mr. Manzoor, that information was changed to an individual named "Basit Malik," which is, upon information and belief, a fictitious name.

31. However, the IP address associated with the initial purchase of the website, and the IP address that accessed the website's management portal as recently as May 2, 2025, is 67.183.211.64. Upon information and belief, this is Mr. Manzoor's IP address.

32. A subpoena to Comcast, the servicer of this IP address, will definitively reveal who owns it. However, it should be noted that the IP address geolocates to Bellvue, Washington, where Defendant Manzoor resides.

33. Defendants Manzoor and Haider personally participated the calls complained of herein, and in an attempt to sell debt relief products and services.

34. Defendants Manzoor and Haider may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

35. With particular respect to Haider, Haider personally committed the TCPA-violative conduct at issue when he signed up for the JustDeliverIt telephone prerecorded messaging platform to send prerecorded messages at issue.

36. With particular respect to Manzoor, Manzoor personally committed the TCPA-violative conduct at issue when he signed up for the website domain name used to sign up for the

5

JustDeliverIt service, as well as the very same domain name mentioned on the calls and from which the Plaintiff received an email.

37. Moreover, in an evidently deliberate attempt to hide his involvement in the conduct at issue, Manzoor deleted the WHOIS information on the website and changed it to a fictitious name shortly after he was served with the lawsuit in this litigation, in March.

38. The foregoing facts demonstrate that Manzoor and Haider had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA, including by spoliating evidence of website ownership.

39. The Plaintiff and putative class members were harmed by these unwanted calls.

## Class Action Allegations

40. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

41. The class of persons Plaintiff propose to represent is tentatively defined as:

> **TCPA Pre-recorded Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of the Defendants, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

This is referred to as the "Class".

42. Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43. The Class as defined above are identifiable through phone records and phone number databases.

44. The potential members of the Class number at least in the thousands.

6

45. Individual joinder of these persons is impracticable.

46. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendants systematically made pre-recorded calls to class members;

    (b) whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendants' conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

47. Plaintiff's claims are typical of the claims of members of the Class.

48. Plaintiff are an adequate representative of the Class because her interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

49. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

50. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

51. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

52. Defendants and/or their agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

53. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class

54. The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

      E.      An award to Plaintiff and the Class of damages, as allowed by law; and

      F.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


      Plaintiff,
      By his attorneys,

      */s/ Anthony I. Paronich*
      Anthony I. Paronich
      **PARONICH LAW, P.C.**
      350 Lincoln Street, Suite 2400
      Hingham, MA 02043
      Tel: (617) 485-0018
      Fax: (508) 318-8100
      anthony@paronichlaw.com