UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE ROJAS,** on behalf of himself and all others similarly situated,<br><br>    *Plaintiff*,<br>v.<br><br>**CLEAR CREDIT AI, LLC**<br><br>    *Defendant*. | Civil Case No.: 25-CV-01056 |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

  Discovery in this matter has revealed that another entity, Clear Lead Solutions Corp, which appears to share common ownership with current Defendant Clear Credit AI, LLC, is an additional entity which is liable for the illegal calling conduct described in the Plaintiff's First Amended Complaint. Discovery has also revealed that, contrary to Clear Credit AI, LLC's assertions, that it was the subscriber of record for the telephone number Plaintiff was asked to call. Therefore, Plaintiff seeks leave to amend his Complaint to add in Clear Credit AI, LLC and its owners as Defendants in this Action, and leave in the current Defendant. Plaintiff seeks leave of court, in accordance with the applicable scheduling deadlines, to amend his class action complaint to file an amended complaint naming as additional Defendants Clear Credit AI, LLC, Sajeel Manzoor, and Sajjad Haider, together with the appropriate and applicable allegations as to each, because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

  As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has undertaken discovery in this matter, and that discovery has revealed that the proposed new Defendant Clear

Credit AI, LLC, subscribed to the one of the automated telephone services at issue in this case. Discovery also revealed that Mr. Manzoor and Mr. Haider had personal knowledge of and participation in the conduct at issue, including by personally signing up for the accounts used to send the calls at issue, as well as terminating accounts after this litigation was filed. Mr. Manzoor and Mr. Haider also participated substantially in placing the illegal calls at issue, thus demonstrating a strong case for individual liability against them which the Plaintiff desires to pursue on behalf of himself and the class. Other discovery revealed in this matter has further demonstrated evidence that the Plaintiff pleads and will marshal to assert claims against the Defendants named in this amendment. As a result, the Plaintiff now moves to amend the Complaint in the form attached herein as Exhibit A to substitute in Defendants. A redline version outlining the differences between the Complaint and Amended Complaint is attached herein as Exhibit B.

In sum, this motion is made pursuant to Fed. R. Civ. P. 15(a)(2) and is in the interests of justice as Plaintiff is asserting additional claims against additional parties who are, by operation of law, also directly liable for the misconduct alleged and which will be liable to any certified class for any relief the Court may grant. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter against all parties, as revealed through discovery, rather than needing to initiate a new action to seek to assert identical claims against the additional Defendants for their conduct in the TCPA violations alleged herein or engage in costly motions practice to compel subpoena responses on an entity that Plaintiff seeks to add as a party in any event. Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving

party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here.

*First*, as explained above, there is no additional prejudice to the nonmoving party because the new Defendants are already alleged to be liable, have not yet participated in the proceedings, and are necessary, indispensable parties that also directly caused the conduct alleged, as confirmed through telephone records and discovery responses. Merely adding another liable party into existing litigation is insufficient for a showing of prejudice. *Second*, the amendment is not done for undue delay, bad faith, or a dilatory motive. We are not on the eve of trial, and the deadline to move to amend pleadings has not yet passed. *Finally*, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's direct liability framework, as to the additional Defendants, and discovery has revealed that these defendants are also liable under direct and personal liability theories of the TCPA.

The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add parties who discovery revealed indisputably are also liable under TCPA because they participated in making the illegal prerecorded call at issue. Accordingly, this Court should grant leave to amend.

Date: June 16, 2025

                                                  */s/ Andrew Roman Perrong*
                                                  Andrew Roman Perrong, Esq.
                                                  *Perrong Law LLC*
                                                  2657 Mount Carmel Avenue
                                                  Glenside, Pennsylvania 19038

Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## **MEET AND CONFERRAL CERTIFICATION**

We certify that we attempted to confer with counsel for the current Defendant regarding the relief requested herein, including via email on June 8, 2025, and failed to receive a response.

Dated: June 16, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

We certify that we filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: June 16, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
*Attorneys for Plaintiff and the Proposed Class*
