UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JORGE ROJAS**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CLEAR CREDIT AI, LLC**,<br><br>**CLEAR LEAD SOLUTIONS CORP.**,<br><br>**SAJEEL MANZOOR**<br><br>**and**<br><br>**SAJJAD HAIDER**<br><br>Defendant. | Case No. 25 CV 01056<br><br>Presiding Judge: Honorable John J. Tharp, Jr.<br><br>Magistrate: Honorable Keri L. Holleb Hotaling<br><br>JURY DEMAND |

**DEFENDANT CLEAR CREDIT AI, LLC'S**
**ANSWER TO PLAINTIFF FIRST AMENDED CLASS ACTION COMPLAINT**

DEFENDANT, CLEAR CREDIT AI, LLC ("Defendant"), by and through its attorneys, BUCHALTER, A Professional Corporation, and for its Answer to Plaintiff's First Amended Class Action Complaint, states as follows:

**GENERAL DENIAL**

Defendant denies each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein.

**ANSWER TO ALLEGATIONS**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer

Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**RESPONSE: Defendant asserts that Paragraph 1 contains quotations and citations to caselaw, none of with contain allegations against Defendant. As such, Defendant asserts that no response is required to Paragraph 1. If a response is deemed required, Defendant admits that the quotation in Paragraph 1 appears to cite an accurate portion of the Court's opinion in *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).**

2. The Plaintiff alleges that Clear Credit AI, LLC ("Defendant" or "Clear Credit") made unsolicited pre-recorded telemarketing calls to his cellular telephone number as well as those of putative class members.

**RESPONSE: Defendant denies the allegations in Paragraph 2.**

## JURISDICTION AND PARTIES

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this action arises under the TCPA, which is a federal statute.

**RESPONSE**: **Defendant admits that this Court has jurisdiction over complaints filed under the Telephone Consumer Protection Act ("TCPA") and that Plaintiff is purporting to bring this action under the TCPA. Defendant denies that it engaged in any conduct in violation of the TCPA, and therefore, denies that the Court has jurisdiction over this matter.**

4. This Court has jurisdiction over Clear Credit, Clear Lead, Manzoor and Haider because they (1) made the telemarking calls at issue from this District, (2) conducts business in this District.

**RESPONSE**: **Defendant denies that it made any telemarking calls in this District as alleged by Plaintiff, but admits that it does limited business in this District.**

5. Venue is proper in this district because the calls were directed into this District.

**RESPONSE**: **Defendant denies that it made any calls that were directed into this District as alleged by Plaintiff, and therefore, denies that venue is proper in this District.**

BN 91728710v1

## PARTIES

6. Plaintiff Jorge Rojas ("Mr. Rojas") is, and at all times mentioned herein was, a citizen and resident of Dupage County.

**RESPONSE: Defendant has insufficient information to admit or deny the allegations in Paragraph 6, and therefore denies any remaining allegations in Paragraph 6.**

7. Mr. Rojas is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE: Defendant has insufficient information to admit or deny the allegations in Paragraph 7, and therefore denies any remaining allegations in Paragraph 7.**

8. Defendant Clear Credit AI, LLC is a Washington corporation whose services were promoted on the calls.

**RESPONSE: Defendant admits it is a Washington-based corporation, but denies its services were promoted, and denies any remaining allegations in Paragraph 8.**

9. Defendant Clear Lead Solutions Corp. is a Delaware corporation that makes telemarketing calls into this District.

**RESPONSE: Defendant has insufficient information to admit or deny the allegations in Paragraph 9, and therefore any remaining the allegations in Paragraph 9.**

10. Defendant Sajjad Haider is an owner of Defendant Clear Credit and Clear Lead that signed up and paid for both of the telephone numbers at issue.

**RESPONSE: Defendant has insufficient information to admit or deny the allegations in Paragraph 10, and therefore denies any remaining allegations in Paragraph 10.**

11. Defendant Sajeel Manzoor is an owner of Defendant Clear Credit and Clear Lead and that was listed as the responsible entity on the website domain from which the Plaintiff received a retainer agreement as a result of the calls at issue.

**RESPONSE**: Defendant has insufficient information to admit or deny the allegations in Paragraph 11, and therefore denies any remaining allegations in Paragraph 11.

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

**RESPONSE: Defendant asserts that Paragraph 12 contains quotations and citations to caselaw, none of which contain allegations against Defendant. As such, Defendant asserts that no response is required to Paragraph 12. If a response is deemed required, Defendant admits that the TCPA was enacted by Congress in 1991 and that the quotation in Paragraph 12 appears to cite an accurate portion of the Court's opinion in *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).**

13. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.; In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

**RESPONSE: Defendant asserts that Paragraph 13 contains legal conclusions and summarizes law, and as such, no response is required. To the extent that a response is deemed required, Defendant admits the allegations in Paragraph 13.**

14. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

**RESPONSE: Defendant asserts that Paragraph 14 contains legal conclusions and summarizes law, and as such, no response is required. To the extent that a response is deemed required, Defendant admits the allegations in Paragraph 14.**

15. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

**RESPONSE: Defendant asserts that Paragraph 15 contains quotations and citations to law, none of with contain allegations against Defendant. As such, Defendant asserts that no response is required to Paragraph 15. If a response is deemed required, Defendant admits that the quotation in Paragraph 15 appears to cite an accurate portion of 47 C.F.R. § 64.1200(f)(12).**

16. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

**RESPONSE: Defendant asserts that paragraph 16 contains quotations and citations to law, none of with contain allegations against Defendant. As such, Defendant asserts that no response is required to Paragraph 16. If a response is deemed required, Defendant admits that the quotation in Paragraph 16 appears to cite an accurate portion of 47 C.F.R. § 64.1200(f)(8).**

FACTUAL ALLEGATIONS

**Plaintiff Rojas's Allegations**

17. Plaintiff's telephone number is (424) 219-XXXX.

**RESPONSE: Defendant has insufficient information to admit or deny the allegations in Paragraph 17, and therefore denies any remaining allegations in Paragraph 17.**

18. That number is assigned to a cellular telephone service.

**RESPONSE: Defendant has insufficient information to admit or deny the allegations in Paragraph 18, and therefore denies any remaining allegations in Paragraph 18.**

5

19. The Plaintiff never consented to receive telemarketing calls from the Defendant.

**RESPONSE: Defendant denies the allegations in paragraph 19 on the basis that Defendant never made telemarketing calls to Plaintiff.**

20. The Plaintiff never did any business with the Defendant.

**RESPONSE: Defendant has insufficient information to admit or deny the allegations in paragraph 20, and therefore denies any remaining allegations in Paragraph 20.**

21. Despite that, Defendant made pre-recorded telemarketing calls to the Plaintiff on at least January 14, 2025.

**RESPONSE: Defendant denies the allegations in Paragraph 21.**

22. A subpoena has revealed that the customer associated with that phone number is Defendant Sajjad Haider, who signed up for the account personally, and as a responsible entity, in the name of Defendant Clear Lead Solutions Corp, with a domain name of clearsolution.ai.

**RESPONSE**: **Defendant denies the allegations in Paragraph 22.**

23. Moreover, that telephone number, 719-410-3027, is used by a service called JustDeliverIt, which is a system that is used to send prerecorded messages, including to voicemail services, just as the call Plaintiff received.

**RESPONSE**: **Defendant denies the allegations in Paragraph 23.**

24. The call left the following pre-recorded message:

Total Relief Services is making a final attempt to contact you about a $48,000…this fund can be utilized…if you wish to apply for this emergency relief, please call 754-732-1169.

**RESPONSE: Defendant denies that it left the above-cited pre-recorded message on Plaintiff's cell phone. Defendant has insufficient information to admit or deny whether a call with the above-cited pre-recorded message was left on Plaintiff's phone as alleged in Paragraph 24.**

25. The 754-732-1169 number is serviced by a different telephone service provider, RingCentral. A subpoena to RingCentral for the ownership of that number revealed that the customer associated with that phone number is also Defendant Sajjad Haider, who signed up for the account personally, and as a responsible entity, in the name of Defendant Clear Credit AI, LLC, but also with a domain name of clearsolution.ai.

**RESPONSE: Defendant denies the allegations contained in Paragraph 25, and demands strict proof thereof.**

26. Based upon this information and common involvement of parties and ownership, the Plaintiff does not know the precise nature of or delineation between the entities involved. As best Plaintiff can ascertain, both companies share common ownership, but Clear Lead Solutions Corp. appears to be the illegal telemarketing arm and Defendant Clear Credit AI, LLC appears to be the actual company whose services are promoted.

**RESPONSE**: **Defendant objects to Paragraph 26 on the basis that it does not contain an articulate allegation against defendants. Subject to and without waiving the forgoing objection, Defendant denies any allegations contained in Paragraph 26.**

27. The call was clearly pre-recorded because (a) the voice sounded like a robot (b) there was a delay prior to the message being played.

**RESPONSE: Defendant denies that it left a pre-recorded message on Plaintiff's cell phone. Defendant has insufficient information to admit or deny whether a call with the a pre-recorded message was left on Plaintiff's phone as alleged in Paragraph 27, and therefore denies any remaining allegations contained in Paragraph 27.**

28. Mr. Rojas called back 754-732-1169.

**RESPONSE: Defendant has insufficient information to admit or deny whether Plaintiff called the number in Paragraph 28. Answering further, Defendant denies that the**

number is Paragraph 28 is Defendant's phone number.

29. On that call, Mr. Rojas was provided with the Defendant's website, https://clearcredit.ai.

**RESPONSE: Defendant has insufficient information to admit or deny whether Plaintiff was provided with the website https://clearcredit.ai during a phone call. Defendant denies that it ever provided Plaintiff with the website https://clearcredit.ai. Answering further, Defendant admits that at one time it established the website handle https://clearcredit.ai, but asserts that this website has been inoperable since 2024. Finally, Defendant no longer maintains its website https://clearcredit.ai.**

30. Indeed, Mr. Rojas received an e-mail with paperwork regarding the debt solutions offering sold by the Defendant from an e-mail address jerome.k@clearsolution.ai.

**RESPONSE: Defendant asserts that it does not offer debt solutions services and denies the allegations in Paragraph 30. Defendant has insufficient information to admit or deny whether Plaintiff received such email identified in Paragraph 30, but asserts that it did not send Plaintiff the email identified in Paragraph 30.**

31. At the time of the alleged calls, the domain name "clearsolution.ai" had WHOIS information naming Defendant Manzoor.

**RESPONSE: Defendant lacks knowledge as to the allegations in Paragraph 31, and therefore denies any allegations in Paragraph 31.**

32. Shortly after this complaint was filed and served on Mr. Manzoor, that information was changed to an individual named "Basit Malik," which is, upon information and belief, a fictitious name.

**RESPONSE: Defendant lacks knowledge as to the allegations in Paragraph 32, and therefore denies any allegations in Paragraph 32.**

BN 91728710v1

33. However, the IP address associated with the initial purchase of the website, and the IP address that accessed the website's management portal as recently as May 2, 2025, is 67.183.211.64. Upon information and belief, this is Mr. Manzoor's IP address.

**RESPONSE**: **Defendant lacks knowledge as to the allegations in Paragraph 33, and therefore denies any allegations in Paragraph 33.**

34. A subpoena to Comcast, the servicer of this IP address, will definitively reveal who owns it. However, it should be noted that the IP address geolocates to Bellvue, Washington, where Defendant Manzoor resides.

**RESPONSE**: **Defendant objects to Paragraph 34 on the basis that it does not contain an articulate allegation. Subject to and without waiving the forgoing objection, Defendant lacks knowledge as to the allegations in Paragraph 34, and therefore denies any remaining he allegations in Paragraph 34.**

35. Indeed, the RingCentral subpoena for the 754-732-1169 number is the address 1400 112th Ave SE, Bellevue, Washington 98004.

**RESPONSE**: **Defendant denies the allegations in Paragraph 35.**

36. Defendants Manzoor and Haider personally participated the calls complained of herein, and in an attempt to sell debt relief products and services, evidently under the Clear Credit AI, LLC brand, but marketed using Clear Lead Solutions Corp.

**RESPONSE**: **Defendant denies the allegations in Paragraph 36.**

37. Defendants Manzoor and Haider may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to

be the act, omission, or failure of such carrier or user as well as of that person." 47 U.S.C. § 217 (emphasis added).

**RESPONSE**:  **The allegations contained in Paragraph 37 contain a legal conclusion, for which no response is required. To the extent Paragraph 37 alleges liability against Clear Credit AI, Defendant denies the allegations contained in Paragraph 37.**

38. With particular respect to Haider, Haider personally committed the TCPA violative conduct at issue when he signed up for the JustDeliverIt telephone prerecorded messaging platform to send prerecorded messages at issue, as well as signing up for the number that he directed people to call in the name of the Clear Credit AI, LLC.

**RESPONSE**:  **Defendant denies the allegations in Paragraph 38.**

39. Moreover, in an evidently deliberate attempt to hide his involvement in the conduct at issue, Haider deleted the RingCentral account for the number 754-732-1169 on March 12, 2025.

**RESPONSE**:  **Defendant denies the allegations in Paragraph 39.**

40. With particular respect to Manzoor, Manzoor personally committed the TCPA violative conduct at issue when he signed up for the website domain name used to sign up for the JustDeliverIt service, as well as the very same domain name mentioned on the calls and from which the Plaintiff received an email, as well as using his address in connection with Mr. Haider's sign ups.

**RESPONSE**:  **The allegations contained in Paragraph 40 do not pertain to Defendant Clear Credit AI, and as such, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.**

10

41. Moreover, in an evidently deliberate attempt to hide his involvement in the conduct at issue, Manzoor deleted the WHOIS information on the website and changed it to a fictitious name shortly after he was served with the lawsuit in this litigation, in March.

**RESPONSE**: **The allegations contained in Paragraph 41 do not pertain to Defendant Clear Credit AI, and as such, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.**

42. The foregoing facts demonstrate that Manzoor and Haider had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA, including by spoliating evidence of website and telephone number ownership.

**RESPONSE**: **The allegations contained in Paragraph 42 do not pertain to Defendant Clear Credit AI, and as such, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.**

43. The Plaintiff and putative class members were harmed by these unwanted calls.

**RESPONSE**: **Defendant denies the allegations in paragraph 43.**

## Class Action Allegations

44. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

**RESPONSE:** **Defendant asserts that Paragraph 44 does not assert any allegations against Defendant, and therefore, no response is required to Paragraph 44. To the extent that a response is deemed required, Defendant admits that Plaintiff seeks to bring this action on behalf of a class, but denies that Plaintiff has properly asserted a basis to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.**

45. The class of persons Plaintiff propose to represent is tentatively defined as:

> TCPA Pre-recorded Class: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call Plaintiff

This is referred to as the "Class".

**RESPONSE: Defendant asserts that Paragraph 45 does not assert any allegations against Defendant, and therefore, no response is required to Paragraph 45. To the extent that a response is deemed required, Defendant admits that Plaintiff seeks to represent a class of persons defined in Paragraph 45, but denies that Plaintiff should be allowed to represent said tentatively defined class.**

46. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**RESPONSE: Defendant asserts that Paragraph 46 does not assert any allegations against Defendant, and therefore, no response is required to Paragraph 46. To the extent that a response is deemed required, Defendant admits that Plaintiff seeks to exclude certain persons identified in Paragraph 46 from the tentatively defined class, but denies that Plaintiff should be allowed to represent said tentatively defined class.**

47. The Class as defined above are identifiable through phone records and phone number databases.

**RESPONSE: Defendant asserts that Paragraph 47 does not assert any allegations against Defendant, and therefore, no response is required to Paragraph 47. To the extent that a response is deemed required, Defendant has insufficient information to admit or deny the allegations in Paragraph 47, and therefore, neither admits nor denies the same and demands strict proof thereof.**

48. The potential members of the Class number at least in the thousands.

**RESPONSE:   Defendant asserts that Paragraph 48 does not assert any allegations against Defendant, and therefore, no response is required to Paragraph 48. To the extent that a response is deemed required, Defendant has insufficient information to admit or deny the allegations in Paragraph 48.**

49. Individual joinder of these persons is impracticable.

**RESPONSE:   Defendant asserts that Paragraph 49 does not assert any allegations against Defendant, and therefore, no response is required to Paragraph 49. Further, the allegations in Paragraph 49 contain legal conclusions to which no response is required. To the extent that a response is deemed required, denies the allegations in Paragraph 49.**

50. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   (a) whether Defendant systematically made pre-recorded calls to class members;

   (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

   (c) whether Defendant's conduct constitutes a violation of the TCPA; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**RESPONSE:   Defendant denies the allegations in Paragraph 50 and specifically denies that it made the calls as alleged in Paragraph 50 and that there are questions of law and fact common to Plaintiff and any proposed Class and specifically denies subparagraphs (a) – (d).**

51. Plaintiff's claims are typical of the claims of members of the Class.

**RESPONSE:  Defendant denies the allegations in Paragraph 51.**

52. Plaintiff are an adequate representative of the Class because her interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he will be represented by counsel skilled and experienced in class actions, including TCPA class actions.

**RESPONSE: Defendant denies the allegations in Paragraph 52.**

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**RESPONSE: Defendant denies the allegations in Paragraph 53.**

54. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**RESPONSE: Defendant denies the allegations in Paragraph 54.**

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the TCPA Pre-recorded Class)**

55. Plaintiff repeat the prior allegations of this Complaint and incorporates them by reference herein.

**RESPONSE: Defendant repeats and re-alleges its responses to Paragraphs 1-54 above as its responses to Paragraph 55.**

56. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

**RESPONSE: Defendant denies that it or its agents transmitted unwanted telephone calls to Plaintiff and other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.**

57. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded Class.

**RESPONSE: Defendant denies the allegations of Paragraph 57.**

58. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**RESPONSE: Defendant denies the allegations of Paragraph 58.**

## PRAYER FOR RELIEF

WHEREFORE, DEFENDANT CLEAR CREDIT AI, LLC, respectfully requests that this Court:

1. Dismiss Plaintiff's Amended Complaint with prejudice;

2. Enter judgment in favor of Defendant and against Plaintiff;

3. Award Defendant its costs and attorneys' fees incurred in defending this action; and

4. Grant such further relief as this Court deems just and proper.


Respectfully submitted,

CLEAR CREDIT AI, LLC,

By: */s/ Thomas P. Yardley, Jr.*
     One of its attorneys

Thomas P. Yardley (ARDC No. 6208239)
Christine R. Walsh (ARDC No. 6319177)
Buchalter, A Professional Corporation
180 N LaSalle Street, Suite 3300
Chicago, Illinois 60601
T: (312) 980-5760
E: tyardley@buchalter.com
   cwalsh@buchalter.com
   thameetman@buchalter.com
   docket@buchalter.com

15