IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ) CLEAR CREDIT AI, LLC, CLEAR LEAD ) SOLUTIONS CORP., SAJEEL MANZOOR and ) SAJJAD HAIDER, ) ) ) Defendants. ) | Case No. 1:25-cv-1056<br><br>Hon. John J. Tharp<br><br>Magistrate Judge Keri L. Hotaling |

### DEFENDANTS CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S STATUS REPORT

Defendant Clear Lead Solutions Corp. ("Clear Lead"), by its undersigned attorneys, provides the following status report to supplement Plaintiff's report. *See* Dkt. 30. Plaintiff's report was filed Friday, August 8. The parties had not previously discussed the status report and counsel only shared a draft of the proposed status report at 1:40 pm on August 8. At that time, the undersigned was traveling from New York to Chicago and was not able to review it before Plaintiff's counsel filed the report.

Clear Lead would have added the following to Plaintiff's report.

Clear Lead was first named as a defendant in this case on June 30, 2025, and it was served on July 15, 2025. *See* Dkt. 18 & 25. Clear Lead is to respond to the complaint naming it on September 5, 2025. Dkt. 29. Clear Lead and Plaintiff have not had a Rule 26 conference. Clear Lead intends to file a motion to dismiss the claims against it.

Concerning settlement discussions, on June 4, 2025, before the amended complaint was allowed, Clear Lead had become aware of the case and reached out to Plaintiff's counsel by phone

to discuss settlement in lieu of incurring litigation expense. Clear Lead followed up by email on June 13. Thereafter, counsel had a discussion about the facts, but Plaintiff's counsel declined to discuss settlement. The last communication between counsel about settlement was Clear Lead's June 20 email suggesting discussion, to which Plaintiff never responded. Clear Lead remains open to discussing settlement in lieu of litigation expense. Clear Lead objects to discovery at this juncture, prior to any Rule 26 conference or to the pleadings being closed.

The undersigned also represents Defendant Sajeel Manzoor. Mr. Manzoor was also added to the case by the June 30 amended complaint. Dkt. 18. He was not served but waived service of process and agreed to respond to the complaint at the same time as Clear Lead, on September 5. *See* Dkt. 28-29. He also plans to file a motion to dismiss. There has been no Rule 26 conference with Mr. Manzoor and his position concerning settlement and discovery is the same as Clear Lead: he would agree to discuss settlement to avoid litigation cost but objects to discovery at this juncture.

        Respectfully submitted,

        **CLEAR LEAD SOLUTIONS CORP.,**

By:    s/ Robert M. Andalman
        One of their Attorneys

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
Khoa D. Trinh (Atty. No. 6351044)
**ARONBERG GOLDGEHN DAVIS & GARMISA**
225 West Washington St., 28th Floor
Chicago, IL 60606
Tel.: (312) 755-3161
randalman@agdglaw.com
rblackburn@agdglaw.com
ktrinh@agdglaw.com

## **CERTIFICATE OF SERVICE**

I, Robert M. Andalman, an attorney, hereby certify that the foregoing **DEFENDANTS CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S STATUS REPORT** was electronically filed on August 11, 2025, and will be served by ECF on counsel of record.

/s/ Robert M. Andalman