**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:25-cv-1056 |
| v. | ) ) | Hon. John J. Tharp |
| | ) ) | Magistrate Judge Keri L. Hotaling |
| CLEAR CREDIT AI, LLC, CLEAR LEAD SOLUTIONS CORP., SAJEEL MANZOOR and SAJJAD HAIDER, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

This class action concerns a single alleged phone call that Plaintiff claims he received by voicemail and then returned. Defendants Clear Lead Solutions Corp. (Clear Lead") and Sajeel Manzoor were added to the case by the First Amended Complaint ("FAC") filed in June. However, the FAC does not allege that either of these defendants made or were identified on the Call. Instead, it is clear that Plaintiff, who PACER demonstrates has filed at least _**78**_ TCPA cases in this District in recent years, is on a fishing expedition for a defendant, any defendant. Doing so, he repeats the same pleading errors relied upon by multiple courts in dismissing similar form TCPA complaints. As in those cases, the FAC is properly dismissed as to both these defendants.

## BACKGROUND

Plaintiff filed this First Amended Complaint ("FAC") on behalf of himself and a putative nationwide class, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Dkt. 18. The FAC alleges that, on or about January 14, 2025, Plaintiff received

a call on his cellular telephone from the number 719-410-3027 (the "Call"). Dkt. 18, ¶ 21. He does not allege that he answered the Call. Instead, he contends that a voicemail was left with a prerecorded message that stated, in part, that "Total Relief Services is making a final attempt to contact you about a $48,000 fund." *Id.*, ¶ 24. "Total Relief Services" is not a party to this case.

The FAC alleges that the voice on the Call "sounded like a robot" and that there was a delay before the message began, which Plaintiff asserts is indicative of a prerecorded message. FAC ¶ 27. According to the FAC, the message instructed the recipient to call back a different number, 754-732-1169, which Plaintiff did. *Id.* at ¶¶ 27-28.

The FAC does not allege that Clear Lead or Manzoor, placed or were mentioned on the Call. Instead, it alleges that a messaging service called "JustDeliverIt" used the number 701-410-3027 to place the Call. *Id.* ¶ 23. The FAC alleges that Defendant Sajjad Haider, "personally, … signed up for the JustDeliverIt telephone prerecorded messaging platform to send prerecorded messages at issue." *Id.* ¶ 38.

The FAC further alleges that the outbound number used to make the call was "signed up for" by Defendant Haider, "who signed up for the account personally, and as a responsible entity, in the name of Defendant Clear Lead Solutions Corp. with a domain name of clearsolution.ai." *Id.* ¶ 22. It does not explain what it means to sign up for an account "personally, and as a responsible entity" in the name of a company. The FAC specifically alleges that neither Haider nor Clear Lead use the outbound number. Instead, as noted, it alleges the number is used by non-party JustDeliverIt. *Id.* ¶ 23.

Concerning Manzoor, the FAC alleges that the registrant for the domain name clearsolution.ai "had WHOIS information naming Defendant Manzoor." *Id.* ¶ 31. "WHOIS" is a service that allows people to look up who has registered an internet domain name. *See*

https://www.openprovider.com/glossary/what-is-whois-lookup's. The FAC alleges that when Plaintiff called back the number given in the call, the email he was given was for someone named "Jerome" whose email was jeromek@clearsolution.ai." *Id.* ¶ 30. The premise of the FAC is thus that Manzoor is legally responsible for the Call because an email address Plaintiff was provided after the call for a person named "Jerome" included a URL that had been registered in Manzoor's name. The FAC further alleges that Manzoor has an ownership interest in both Clear Lead and the other named corporate defendant, Clear Credit. *See id.* ¶ 11.

The FAC concedes, Plaintiff "does not know the precise nature of or delineation between the entities involved." *Id.* ¶ 26. Instead, it speculates that "[a]s best Plaintiff can ascertain," Clear Lead "appears to be the illegal telemarketing arm" while Clear Credit "appears to be the actual company whose services are promoted." *Id.* This is rank speculation wholly unsupported by pleaded fact.

Plaintiff seeks to represent a nationwide class defined as all persons who, within four years preceding the filing of this lawsuit, received a call to their cellular phones using "the same or a substantially similar prerecorded voice message" as the one alleged by Plaintiff. *Id.* ¶ 45. He says that the class numbers in the thousands but pleads no facts to support that speculation. *Id.* ¶ 48–49. The FAC seeks statutory damages of $500 per call, treble damages for willful violations, class certification, declaratory relief, and (of course) attorneys' fees. *Id.* ¶¶ 55–58, Prayer for Relief.

## ARGUMENT

The FAC is a confusing mash-up of boilerplate, speculation, and conclusion but does not state a TCPA case against Clear Lead or Manzoor. It is long on broad smears but short on pleaded fact. Ultimately, it is a transparent attempt by a serial plaintiff to find a defendant. It fails to do so.

### A.      Legal Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, but [they] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (citation omitted).

### B.      Plaintiff Fails to State a Plausible TCPA Claim Against Clear Lead or Manzoor

The FAC fails these pleading standards by relying on speculation and attenuated musing rather than any pleaded fact that plausibly supports a conclusion that either Clear Lead or Manzoor either made or directed the Call at issue.

4

In this regard, the TCPA states that:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) ***to make any call*** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The very first element of such a claim is thus that the defendant "make any call." The FAC fails at this threshold concerning Clear Lead or Manzoor.

### 1. Plaintiff does not Allege Facts Establishing Direct TCPA Liability against either Clear Lead or Manzoor

Courts have held that liability for TCPA violations can be direct or vicarious. "Direct liability exists when a defendant 'initiates' the disputed phone call." *Bennett v. Celtic Ins. Co.*, No. 20-CV-06172, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (citation omitted) (dismissing complaint where there was no allegation that the defendant actually made the call at issue). "Initiation" of a call occurs in this sense "when the defendant physically places the calls or is 'so involved in' their placement that it essentially made them itself." *Id.* "The "so involved" standard is demanding; a defendant 'generally does not 'initiate' calls placed by third-party telemarketers,' even if the third party had acted on its behalf." *Id.* (citation omitted).

In *Bennett*, the Court dismissed the complaint against Celtic, the defendant, where the Plaintiff did not allege the defendant actually made the call but attempted to rely on allegations that defendant utilized "a systematic telemarketing campaign whereby robocalls were placed in a seamless process to make it appear to Plaintiff and Class Members that Defendant, Celtic, was calling them directly, or that they were being called on Defendant Celtic's behalf ….." *Id., citing Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765 (N.D. Ill. 2014) (dismissing TCPA

direct liability claim and citing FCC ruling that emphasizes the requirement that for such liability, the defendant actually initiate the call; noting that Plaintiff in that case "ignore the myriad statements in the FCC ruling" that sellers of products promoted by telemarking calls "generally do not initiate – and, thus are not directly liable for – calls made by third-party marketers"). As the Court in *Smith* stated, "[e]ven if [the operator] placed those calls on Defendants' behalf, Plaintiffs cannot hold Defendants directly liable under the TCPA." *Id.* at 771.

The case for dismissal of Clear Lead and Manzoor based on direct liability is even greater than for the defendants in *Bennett* and *Smith*. Plaintiff does not allege that either Clear Lead or Manzoor initiated the Call, which is alleged to have come from "JustDeliverIt." Dkt. 18 ¶ 23; *see also id.* ¶ 38 (referring to "the JustDeliverIt telephone prerecorded message"). No direct involvement in the Call by either defendant is alleged and neither of these defendants is alleged to have been mentioned in the Call or identified when Plaintiff returned the call. *See id.* ¶ 24 (alleging Call mentioned only "Total Relief Services"). Both these defendants are alleged to be associated in some way with the URL used in the email address provided to Plaintiff after he returned the call. *Id.* ¶ 10. And Manzoor is alleged to have some unspecified ownership interest in Clear Lead and Clear Credit. However, under no authority do such allegations support direct liability under the TCPA.

## 2. Plaintiff does not Allege Facts Establishing Vicarious TCPA Liability against either Clear Lead or Manzoor

Neither does the FAC plausibly support a case against these defendants based on vicarious liability, which requires allegations of facts that plausibly support a conclusion that the person making the call had an agency relationship with the caller. *See Bennett*, 2022 WL 865837, at *4. The Seventh Circuit has specified that to state a claim for vicarious liability under the TCPA requires allegations of fact that demonstrate the person making the call did so upon the direction

of the defendant as principal to the call maker. *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) (affirming dismissal of TCPA case where the only allegation was that a contract existed between the advertiser, Subway, and the caller, T-Mobile). As the Court of Appeal directed, however, this requires more than any alleged fact linking to a defendant to a call; rather, as the Court held: "It is unreasonable for courts to contrive an inference [of vicarious liability] when the scarce facts barely allege a claim." *Id.*

When it affirmed dismissal of the complaint in *Warciak*, among the deficiencies the Seventh Circuit observed was that the "complaint lacks sufficient facts showing Subway manifested to the public that T-Mobile was its agent" and "further fails to allege sufficient facts to show how [plaintiff] reasonably relied, to his detriment, on any apparent authority with which he alleges Subway cloaked T-Mobile." *Id.* at 357. This same analysis applies here, where the only nexus alleged between Clear Lead or Manzoor and the Call is registration of a URL in an email that Plaintiff was provided after the Call, which Plaintiff claims to have discovered after this case was filed. There is no allegation and, could not be, that Plaintiff ever relied to his detriment on that registration and no allegation of fact linking registration of the domain to control or direction of the Call.

As the Court in *Bennett* observed when it dismissed the vicarious liability claim in that case, to survive a motion to dismiss such a claim requires that the complaint "allege facts sufficient to support an inference that the defendant acknowledges the telemarketer's activities." *Bennett*, 2024 WL 865837 at *4. An example would be if the prerecorded phone call expressly states that it is backed by the defendant. *See Charvet v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1151 (N.D. Ill. 2014) (allowing claim to proceed on vicarious liability because when the plaintiff called back to say he was interested, he was connected to a sale representative for defendant); *Vessal v.*

7

*Alarm.com*, No. 17 C 2188, 2017 WL 4682736, at \*3 (N.D. Ill. Oct. 18, 2017) (allowing case to proceed where caller stated it was calling for Alarm.com). That was not the case here as to either Clear Lead or Manzoor.

Other allegations deemed sufficient to state a vicarious liability claim include the classic earmarks required for any agency-based claim, *i.e.*, that the defendant maintained control over the content, timing and recipients of the call, for example an allegation that the defendant provided criterion to the caller about to whom to make calls. *See Guadian v. DebtBlue LLC,* No. EP-23-CV-329-KC, 2024 WL 5184488, at \*4 (W.D. Tex. Apr. 16, 2024) (allowing claim against one defendant based on such allegations but dismissing other defendants where only a contractual relationship with the caller was alleged). Again, there are no such allegations in this case about either Clear Lead or Manzoor.

In *Bennett*, the Court dismissed the vicarious liability claim because the complaint alleged only that the live operator on a call "name-dropped" a product sold by the defendant and did "not allege facts suggesting that Celtic actively interacted with the live operators by 'backing' them or allowing them to use or sell its exclusive products." *Bennett*, 2024 WL 865837 at \*4. Plaintiff further did not allege that she interacted directly with the defendant as a result of the call at issue. *Id.* The same is true here of both Clear Lead and Manzoor.

Other cases also dismiss vicarious liability claims that fail to allege facts that "plausibly link the defendant's conduct to the calls [plaintiff] received." *Lightfoot v. SelectQuote, Inc.*, No. 1:24-CV-04673, 2025 WL 1547495, at \*2 (N.D. Ill. May 30, 2025) (granting motion to dismiss). In this case, no conduct whatsoever by either Clear Lead or Manzoor is alleged. Rather, the FAC names them and attempts to impute liability on each of them entirely based on the registration of a URL address or, in Manzoor's case, based on him allegedly owning shares in Clear Lead and/or

8

Clear Credit. Attempting to impose liability and the obligations of discovery and defense of a national class action on these defendants upon such "scarce facts" is precisely what the Seventh Circuit mandated against in the *Warciak* decision, *supra*.

Neither can Plaintiff evade his pleading obligations by relying on boilerplate conclusion rather than fact. Dkt. 18 ¶ 36 (alleging the conclusion that Manzoor "personally participated the calls" [*sic*] or that the calls "marketed using Clear Lead" when the only facts alleged about either defendant is that a website URL of the email provided for a different person was registered or originally purchased by Manzoor or Clear Lead). The above decisions dismissed TCPA claims where the only reference to a defendant is a remark in a marketing call. Neither Clear Lead nor Manzoor were mentioned in the Call here and the defendants have found no case sustaining such a claim based only on a defendant's association with the registration of a website URL notwithstanding that neither the defendant nor his company was mentioned in connection with the call. *See Lightfoot*, 2025 WL 1547495 at *2 n. 1 ("Lightfoot's conclusory allegation that the 'pre-recorded call on his cellphone promoted insurance products from Defendant' is not taken as true."), citing *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021) (affirming dismissal and noting that while "[w]e construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded facts as true, and draw all reasonable inferences in the plaintiff's favor, but 'we need not accept as true statements of law or unsupported conclusory factual allegations.'")

## CONCLUSION

As noted, Plaintiff Rojas is a serial plaintiff who has filed 78 TCPA cases in this District over the past few years. He is, and not just in this case, a plaintiff in search of a defendant. He has not found one in either Clear Lead or Manzoor. Registration of a URL in an email Plaintiff was provided after the Call or unspecified ownership interests in companies themselves not tied directly

to a Call are no basis for TCPA liability as a matter of law. Yet, it is on these perishingly thin reeds that Plaintiff seeks to manufacture claims against Clear Lead and Manzoor. He fails to do so and the FAC is properly dismissed, and with prejudice, as to these defendants.

Date: September 5, 2025                    Respectfully submitted,

                                           **CLEAR LEAD SOLUTIONS CORP. and**
                                           **SAJEEL MANZOOR,**

                                           By:    s/  Robert M. Andalman
                                                  One of their Attorneys

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
Khoa D. Trinh (Atty. No. 6351044)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 West Washington St., 28th Floor
Chicago, IL 60606
Tel.: (312) 755-3161
randalman@agdglaw.com
rblackburn@agdglaw.com
ktrinh@agdglaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Robert M. Andalman, an attorney, hereby certify that the foregoing ***MEMORANDUM IN SUPPORT OF DEFENDANTS CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT*** was electronically filed on September 5, 2025, and will be served by ECF on counsel of record.


/s/ Robert M. Andalman

11