IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:25-cv-1056 |
| v. | ) ) ) | Hon. John J. Tharp |
| | ) | Magistrate Judge Keri L. Hotaling |
| CLEAR CREDIT AI, LLC, CLEAR LEAD SOLUTIONS CORP., SAJEEL MANZOOR and SAJJAD HAIDER, | ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S MOTION TO DISMISS**

Plaintiff's Opposition to Defendants' Motion to Dismiss confirms why the First Amended Complaint ("FAC") fails to state a claim. The brief's "Factual Background" section does not point to a single allegation in the FAC. Instead, it tries to import new facts, based on characterizations of third-party discovery responses received before the FAC was filed. Plaintiff attaches the subpoenas and responses as exhibits. Going further, he asks the Court to sustain his FAC not based on what is alleged but rather based on what he says a third party "has agreed" to say in a declaration that was not submitted. Dkt. 48 at 5. Plaintiff goes to these lengths because he cannot do what Rule 12(b)(6) requires: *i.e.*, explain how the FAC could state a claim against Clear Lead Solutions Corp. ("Clear Lead") or Sajeel Manzoor ("Manzoor") without pleading *any* conduct by either of them.

The Opposition does clarify that Plaintiff relies exclusively on a theory of direct liability. *See* Dkt. 48 at 5-15 (arguing exclusively for direct liability). However, it does not confront controlling precedent that limits liability under that theory to cases where pleaded facts demonstrate that a defendant initiated a violating call. No facts are alleged to support how this is

true of either Clear Lead or Mr. Manzoor. Neither is this case like the out-of-jurisdiction District Court decisions the Opposition relies upon, which unlike here involved allegedly violating calls that explicitly identified the named defendants. In these and each of the following respects, the Opposition fails to respond in substance to the Motion to Dismiss.

      A.      **Plaintiff Evades his Pleaded Facts**

Plaintiff's description of the "Factual Background" of his case does not direct the Court to a single allegation of the FAC. Dkt. 48 at 1-3. Thus, there is no dispute that those pleaded allegations do not describe any conduct whatsoever by either of the moving defendants.

Plaintiff cites cases, discussed below, in which an alleged violating call stated it was being made by, or for, a defendant. Here, the FAC explicitly alleges the call at issue stated it was on behalf of "Total Relief Services." Dkt. 18 ¶ 24. No facts are alleged in the FAC linking either Clear Lead or Mr. Manzoor to Total Relief Services.

Concerning Clear Lead, it is alleged that Defendant Sajjad Haider is the customer associated with the number that called Plaintiff and that Mr. Haider in that registration identified himself as affiliated with Clear Lead. Dkt. 18 ¶ 22. However, Plaintiff explicitly alleges the outgoing number "is assigned to a cellular telephone service," *id.* ¶ 18 – though the provider is not alleged – and "that telephone number is used by a service called JustDeliverIt, which is a system that is used to send prerecorded messages, including to voicemail services, just as the call Plaintiff received," *id.* ¶ 23. Plaintiff cannot disavow in a response brief what he pleaded in his complaint: that is, that the "telephone number is <u>used by</u> a service called JustDeliverIt." (Empahsis added.) This is not a "false mischaracterization." *See* Dkt. 48 at 7. It is a quotation from the FAC.

Concerning Mr. Manzoor, it alleged that he is "an owner" of Clear Lead and co-defendant Clear Credit AI, LLC. Dkt. 18 ¶ 11. It is also alleged that at the time of the call to Plaintiff, Mr.

2

Manzoor was listed as having registered the domain "clearsolutions.ai." *Id.* ¶ 31. Plaintiff does not explain how either of these facts support the conclusion that Mr. Manzoor initiated or participated in the alleged call. The only alleged nexus between the call and this domain is that in a different phone call, which Plaintiff initiated after the first call, he was referred to the clearsolution.ai domain and given an email address Jerome.K@clearsolution.ai to which to write. Dkt. 18 ¶¶ 29-30. It is not alleged that he was told to write to Mr. Manzoor or that Mr. Manzoor was ever mentioned to him. Again, no conduct or reference to Mr. Manzoor is alleged whatsoever.

The failure to allege any conduct by either defendant related to the subject call, or any reference to either of them during that call, is fatal to the FAC.

      **B.**    **The Court Should Disregard the Extra-Pleading Materials Submitted**

A "[p]laintiff may not supplement or amend his complaint by presenting new facts or theories in his briefing in opposition to a motion to dismiss." *Beaulieu v. Ashford Univ.,* 529 F. Supp. 3d 834, 845 (N.D. Ill. 2021) (refusing to consider exhibits submitted in response to motion to dismiss), *aff'd* 2022 WL 17076691 (7th Cir. Nov. 18, 2022); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) (affirming dismissal and rejecting plaintiff's "attempt to supplement the complaint in his briefing"). While there are limited circumstances in which a court may consider matters incorporated by reference in a complaint or that are central to the plaintiff's theory of liability – such as the actual contract in a breach of contract claim – the general rule is that consideration of materials outside the pleadings converts a motion to dismiss to one for summary judgment. *See Daoud v. City of Chicago*, No. 21 C 6663, 2023 WL 5389015, at *4 (N.D. Ill. Aug. 22, 2023) (refusing to consider exhibits outside the complaint on a motion to dismiss because, unlike contract in breach of contract case, those exhibits were not central to the claim).

The subpoena responses attached to the Opposition are not part-and-parcel of Plaintiff's TCPA claim like a contract would be in a breach of contract case and should not be considered. However, even if they were considered, none of the exhibits Plaintiff attaches to his Opposition demonstrate Clear Lead or Mr. Manzoor either initiated or otherwise directly participated in the alleged phone call. They show a "Service Order Form" completed by non-movant Sajjad Haider for an entity that is neither Defendant Clear Lead nor non-movant Clear Credit AI, LLC, but rather "Clear Solution AI". Dkt. 48-1 at 7. This is not evidence that Clear Lead, or even Mr. Haider himself, initiated the call. The phone number associated with Mr. Haider in the subpoena response is 509-964-2121, which is not one identified in the FAC. *See* Dkt. 48-1 at 5 & 7. Neither would just any association between the outgoing number and Mr. Haider or even Clear Lead prove anything, if it existed, as the name associated with phone numbers is largely irrelevant where these sorts of calls are often spoofed and actually come from different numbers than those that appear.

Concerning Mr. Manzoor, the documents show that the "clearsolution.ai" domain is registered to non-parties – not Mr. Manzoor – but that when Plaintiff's counsel sought "historical" data for the domain, that data showed that the original registrant of the domain was Mr. Manzoor. *See* Dkt. 48-1 at 23-24. The documents in no way support any inference that Mr. Manzoor was the registrant of the domain at the time of the call to Plaintiff or that the registrant of the domain, whomever that was, directly participated in the underlying call.

C.     **Plaintiff Abandons any Vicarious Liability Claim**

Movants explained why Plaintiff fails to state a TCPA claim under either a direct or vicarious liability theory. Dkt. 38 at 5-9. The Opposition makes no response as to vicarious liability, doubling down on a theory of direct TCPA liability. *See* Dkt. 48 at 5-15 (exclusively arguing for direct liability). A litigant "'effectively abandons' the issue 'by not responding to

4

alleged deficiencies in [response to] a motion to dismiss.'" *Braun v. Vill. of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022) (affirming dismissal based on plaintiff's failure to address issue in response to motion to dismiss). Here, Plaintiff has thus abandoned any claim that either defendant is vicariously liable.

### D. Plaintiff Does Not Explain How the FAC Pleads Direct Liability

For direct liability, Plaintiff concedes he must plead facts that show each moving defendant "physically placed" the call to him or else was "so involved" with the placement of the call that it essentially physically placed it. Dkt. 48 at 11; *see also* Dkt. 38 at 5-6, citing *Warciak v. Subway Restaurants,* No. 1:16-CV-08694, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019), *aff'd,* 949 F.3d 354, 357 (7th Cir. 2020); *Bennett v. Celtic Ins. Co.*, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (2015 Declaratory Ruling), 30 FCC Rcd. 7961, ¶29-30 (2015) (explaining a person or entity "initiates" a telephone call when it takes the steps necessary to physically place a telephone call and is so involved in the placing of a specific telephone call as to be deemed to have initiated it). Plaintiff does not – and cannot – however explain how the FAC pleads any facts that plausibly support a conclusion that either Clear Lead or Manzoor initiated the call.

Mr. Manzoor is not alleged to have been mentioned or to have anything to do with placing the call to Plaintiff. All that is alleged is that Mr. Manzoor was once the registrant of an internet domain provided to Plaintiff when he returned the call, but not during the subject call. There is no basis on this allegation to conclude Mr. Manzoor personally initiated the call Plaintiff received.

For Clear Lead, no facts are alleged that it had anything to do with placing the call to Plaintiff, either. All that is alleged is that co-defendant Haider is associated with the number that called Plaintiff and that Mr. Haider said he was affiliated with Clear Lead.

Both of these scenarios are significantly more remote than the nexus held insufficient for direct liability in *Bennett*, where defendant alleged that the calls themselves were designed to "make it appear" that the defendant was calling them directly. *See Bennett*, No. 20-CV-06172, 2022 WL 865837, at *3; *see also Smith*, 30 F. Supp. 3d at 769 (dismissing direct liability claim where message left by a call said named defendant would contact the plaintiffs if they called back). Plaintiff does not cite a single example of any court where the prior registration of a domain name or even identification in the registration of a phone number was held to sufficient to state a claim of direct TCPA liability.

### E. Plaintiff's Out-of-District Cases are Readily Distinguished

Mostly, Plaintiff relies on unpublished and out-of-district cases that are readily distinguishable from what is alleged here. Primary among these are *VanderSloot v. Charles Baratta LLC*, No. 24-CV-07096, 2025 WL 1898929 (E.D.N.Y. Sept. 9, 2025) and *Scofield v. Alleviate Tax LLC*, 1:24-cv-03231 (D. Colo. June 18, 2025). *See* Dkt. 48 ¶¶ 10-11 & 13-14.

In *VanderSloot*, however, the plaintiff alleged "over approximately one hundred calls" that the complaint alleged were placed "directly by Defendant." *VanderSloot,* No. 24-CV-07096, 2025 WL 1898929, at *1. The plaintiff there specifically alleged that the phone numbers used were "owned <u>and operated by the Defendant in the Defendant's name</u>." *Id.* at *2 (emphasis added). The Court further relied on the complaint alleging "a plethora of allegations connecting" different calls, *id.* at *8, and further that the complaint in that case alleged "specifics identifying the sources of the calls and even the entities on whose behalf they were calling," all of which were "ultimately

6

tied to" the defendant," *id.* at *9. This is a far cry from the allegations here, which nowhere indicate that the calls were made by or on behalf of either Clear Lead or Mr. Manzoor.

Plaintiff includes a page-long block quote from *Scofield*, a Colorado case that is not even published on Westlaw. As the block quote itself shows, however, the court there materially relied upon the allegation that the voicemail left by the offending call "urged [plaintiff] to call a number, and that the person who answered that number identified 'his company' as Alleviate," the defendant. Dkt. 48 at 14, quoting *Scofield v. Alleviate Tax LLC*, No. 1:24-cv-03231-DDD-KAS, ECF No. 42 (D. Colo. Sep. 18, 2025). While the Colorado court's approach of imposing direct liability based on allegations that the call was made for the benefit of the defendant diverges from that of *Warciak*, *Bennett*, *Smith* and other Northern District of Illinois cases, it is also distinguished because neither Mr. Manzoor nor Clear Lead was identified when Plaintiff responded to the call to him in this case. It is further notable given Plaintiff's reliance on the phone number registration as a sole hook for liability here that the court in *Scofield* dismissed the argument that the defendant there was not affiliated with the outgoing number after taking notice that "[p]hone numbers are easily spoofed, and making a call appear to come from a number other than the one belonging to the actual caller is hardly unheard of, especially in the robo-calling world." *Id.*

What *Vandersloot*, *Scofield* and every other out-of-district case that Plaintiff cites have in common is that, in each, the named defendant was explicitly and by name identified as associated with the outgoing call, either in the call itself or when the plaintiff responded. *See, e.g, Bradshaw v. CHW Group, Inc.*, 2025 WL 306783 (D.N.J. Jan. 24, 2025) (call expressly identified the caller as "Erica … from [the Defendant]"); *Cunningham v. Wallace & Graham*, No. 1:24-CV-00221, 2024 WL 4826798, at *1 (M.D.N.C. Nov. 19, 2024) (plaintiff told when he responded to call soliciting services to make liability claims that defendants were partnering to submit those claims

7

on behalf of persons like plaintiff); *Bank v. CreditGuard of Am.,* No. 18CV1311PKCRLM, 2019 WL 1316966, at *8 (E.D.N.Y. Mar. 22, 2019) (plaintiff told upon call back that he was speaking with "someone from Freedom Financial," the defendant); *Morris v. SolarCity Corp.*, No. 15-CV-05107-RS, 2016 WL 1359378, at *1 (N.D. Cal. Apr. 6, 2016) (plaintiff received call back from person who stated she was representative of defendant Solar City).

There is no such allegation here. To the contrary, Plaintiff alleges that he was told the call had been made on behalf of "Total Relief Services," which is not a defendant at all. *See* Dkt. 18 ¶ 24. Certainly, Plaintiff has not alleged, as required to state a claim for TCPA direct liability, that either Clear Lead or Mr. Manzoor each directly initiated the subject phone call or were otherwise so individually involved in making the call that it is as if they did so. Plaintiff could not do so where his FAC does not plead a single action that either of these defendants took with regard to the subject call.

## CONCLUSION

There is no precedent and Plaintiff cites none for holding Mr. Manzoor directly liable under the TCPA because he was either a historical registrant of a domain name or because he is alleged to be a shareholder of a company that was such a registrant. Neither is there precedent to hold Clear Lead directly liable for a call because the outgoing number used (a number that could easily have been spoofed, as Plaintiff's own authorities have noted) was registered by an individual who listed himself as affiliated with Clear Lead.

This is a lawsuit in search of a defendant, brought by a serial Plaintiff who has filed nearly 80 such cases in this District. The strategy is to keep amending and to keep suing defendants until he can earn a payday. But to state a claim, complaints require the allegation of evidentiary facts

that show actionable conduct by a defendant. For each of Mr. Manzoor and Clear Lead, that is absent here. As such, the FAC is properly dismissed concerning each of them.

Date: October 10, 2025
Respectfully submitted,

**CLEAR LEAD SOLUTIONS CORP. and SAJEEL MANZOOR,**

By:   /s/ Robert M. Andalman
       One of their Attorneys

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
Khoa D. Trinh (Atty. No. 6351044)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 West Washington St., 28th Floor
Chicago, IL 60606
Tel.: (312) 755-3161
randalman@agdglaw.com
rblackburn@agdglaw.com
ktrinh@agdglaw.com

**CERTIFICATE OF SERVICE**

    I, Robert M. Andalman, an attorney, hereby certify that the foregoing ***REPLY IN SUPPORT OF DEFENDANTS CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S MOTION TO DISMISS*** was electronically filed on October 10, 2025, and will be served by ECF on counsel of record.

                                            /s/ Robert M. Andlaman