IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CLEAR CREDIT AI, LLC<br>Et al.<br><br>    Defendants. | Case No.: 25-CV-01056 |

**MOTION FOR EXTENSION TO COMPLETE DISCOVERY**

    Plaintiff, Jorge Rojas ("Plaintiff") hereby respectfully requests that this Honorable Court modify its Scheduling Order to extend the deadlines in this case, including discovery, by 90 days. Plaintiff has met and conferred with counsel for Clear Credit, Clear Lead, and Mr. Manzoor, which has not consented to this relief unless the Plaintiff consents to a stay of discovery in its entirety during the pendency of Clear Lead and Mr. Manzoor's motion to dismiss.

    Since the Court's entry of its Scheduling Order and various status reports, the Plaintiff has continued to actively participate in discovery. The Plaintiff requires additional time, however, owing to the filing of the Amended Complaint, Motion to Dismiss, and Defendants' anticipated stay, to finalize discovery and move for class certification. This is particularly so as the Plaintiff has already secured classwide calling records and is in the process of having them analyzed, but further wishes to schedule depositions of the Defendants, particularly to gain understanding as to the parties' corporate structure and role of each Defendant in the calling conduct.

    It is readily apparent that Rule 16(b)(4)'s "good cause" standard is satisfied here. In the Seventh Circuit, the district court's primary inquiry is the diligence of the party seeking the

1

extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Good cause is demonstrated by a party showing that, despite their diligence, the scheduling deadlines could not have reasonably been met, and the moving party provides a good reason for the delay. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2nd ed. 1990). Courts in the Seventh Circuit routinely grant leave to amend pleadings and scheduling orders based on new information uncovered in discovery. *Direct Enters., Inc. v. Sensient Colors LLC*, No. 115CV01333JMSTAB, 2017 WL 2985623, at *3 (S.D. Ind. July 13, 2017); *Ewalt v. Collection Pros., Inc.*, No. 419CV04023SLDJEH, 2019 WL 5727578, at *1 (C.D. Ill. Nov. 5, 2019).

Here, the Plaintiff has been diligent in pursuing his claims, including by securing classwide calling records and having them analyzed. The deadline for discovery has not yet run, and Plaintiff is seeking the relief here in advance of the deadline. The Plaintiff requires additional time, particularly owing to the Defendants' obstruction in discovery by virtue of their motion to dismiss, as well as to uncover and develop the facts surrounding liability for each of the Defendants at issue and their respective roles in the calling conduct.

These kinds of circumstances can constitute "good cause" for seeking leave to amend after the deadline in the scheduling order. *See, e.g.*, *CMFG Life Ins. Co. v. RBS Secs. Inc.*, No. 12-cv-037-wmc, 2013 WL 4483068, at *16 (W.D. Wis. Aug. 19, 2013) (allowing supplemental allegations that summarized evidence disclosed in discovery); *Armitage v Apex Control Sys., Inc.*, Cause No. 2:08-cv-45-WTL-WGH, 2010 WL 4318846, at *1-*2 (S.D. Ind. Oct. 26, 2010) (finding good cause where plaintiff discovered basis for his new claims through discovery). To the extent the late discovery responses and late admendment disclosed a factual basis for newly asserted claims, and that basis was not previously known and could not have been known to Plaintiffs, this would weigh in favor of finding good cause needed to satisfy Rule 16(b)(4). And,

providing that good cause exists, the Court must then apply the discretionary factors to determine if granting the amendment would be appropriate. *Mulvania v. Sheriff of Rock Is. Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017). The factors to be considered include whether the amendment would result in undue delay, is based on a repeated failure to cure deficiencies, unduly prejudice the nonmoving party, or be futile. Here, the Plaintiff has demonstrated that he has acted with all promptitude and without any form of undue delay, particularly as the Plaintiff is timely seeking judicial intervention on the issue after unsuccessful efforts to attempt to resolve the issue informally. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

  Moreover, any prejudice to the Defendants is minimal: the discovery adduced thus far has revealed that all Defendants had involvement in the calling conduct alleged, and additional time for discovery would clear up and outline the respective relationships between the parties. The Plaintiff is not seeking to add new claims, only to uncover additional evidence as to the parties' relationship about claims he has already pled. Indeed, Defendants Clear Lead and Mr. Manzoor have already implicitly conceded that their relationship with the other Defendants is relevant, but are seeking to stay discovery pending the outcome of their motion to dismiss on this basis. Nor would additional evidence be used to assert new claims or causes of action as against Defendants, rendering amendment futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (holding amendment is "futile" when the amendment would result in asserting additional claims that could not survive a motion to dismiss). As no claims would be added or removed, but the Plaintiff simply at this point seeking to discover the nature and role of the Defendants in the calling conduct, the discovery would not require amendment and thus not be futile, either, and would not necessitate the filing of an amended complaint. Nor would permitting amendment to adversely affect the dates for trial or

class certification; the Plaintiff is prepared to move forward and has been diligently conducting discovery. As such, the discretionary factors likewise justify amendment, and for the foregoing reasons, the Court should amend the scheduling order as attached herein.

The Plaintiff respectfully submits that good cause exists for the modification of the Scheduling Order as the parties are still actively engaged in discovery. No undue delay will be caused by the modification to the Court's Scheduling Order, and the Plaintiff does not seek this relief for an improper purpose.

WHEREFORE, the Plaintiff respectfully requests this Court to modify the Court's Scheduling Order as requested above.

Respectfully Submitted,

Date: October 13, 2025

> By: /s/ Andrew Roman Perrong
> Andrew Roman Perrong, Esq.
> Bar Number 333687
> a@perronglaw.com
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: (215) 225-5529
> Facsimile: (888) 329-0305
>
> *Attorney for Plaintiff*

4

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of this document has been forward to all known counsel of record via E-Filing electronic service in accordance with the Federal Rules of Civil Procedure on this 13th day of October, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong