IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:25-cv-1056 |
| v. ) ) ) | Hon. John J. Tharp |
| ) | Magistrate Judge Keri L. Hotaling |
| CLEAR CREDIT AI, LLC, CLEAR LEAD SOLUTIONS CORP., SAJEEL MANZOOR and SAJJAD HAIDER, ) ) ) ) ) ) | |
| Defendants. ) | |

**CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S MOTION TO STAY DISCOVERY PENDING RULING ON THEIR MOTION TO DISMISS**

Defendants Clear Lead Solutions Corp. ("Clear Lead") and Sajeel Manzoor move pursuant to Federal Rule of Civil Procedure 26(c)(1) for a stay of discovery pending ruling on Defendants' Motion to Dismiss. Dkt. 37. Movants consulted with Plaintiff's counsel, who does not consent to the relief requested herein.

**I. INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff is a serial filer whom PACER reveals has filed **_78_** TCPA cases in this District. His approach is to "file first and ask questions later," leveraging threadbare allegations to try to access the broad discovery tools of the Rules of Civil Procedure. Here, Plaintiff allegedly received a single call, which went directly to voicemail. Dkt. 18 ¶ 21. The message said the call was on behalf of "Total Relief Services." *Id.* ¶ 24. Plaintiff alleges the number that made the call "is used by a service called JustDeliverIt." *Id.* ¶ 23.

At first, Plaintiff sued only Clear Credit AI. Dkt. 1. On April 4, 2025, the Court set an October 29, 2025, deadline to complete fact discovery. Dkt. 11. The Court stated that: "The Court

does not expect to extend this firm fact discovery deadline and in no case will do so without written motion detailing exceptionally good cause." *Id*. Using its baseless allegations against Clear Credit AI as a pretext, Plaintiff then served discovery and third-party subpoenas. He used responses to that discovery, as cited in the First Amended Complaint, to justify amending the complaint to add Clear Lead and individuals Sajjad Haider and Mr. Manzoor. Dkt. 18.

Clear Lead was served with the amended complaint on July 15, 2025, after which Clear Lead waived service and the parties agreed both would respond to the complaint by September 5. Dkt. 31. Mr. Haider still has not been served. Clear Lead and Mr. Manzoor timely filed their motion to dismiss for failure to state a claim, Dkt. 37-38, which was fully briefed on October 10, Dkt. 50. The gravamen of the motion to dismiss is that Clear Lead and Mr. Manzoor are not alleged to have initiated or participated in the underlying call, which is the *sine qua non* of the direct liability TCPA theory on which Plaintiff relies. Dkt. 38 & 50 (briefing on motion to dismiss), citing *Warciak v. Subway Restaurants,* No. 1:16-CV-08694, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019), *aff'd,* 949 F.3d 354, 357 (7th Cir. 2020); *Bennett v. Celtic Ins. Co.*, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (2015 Declaratory Ruling), 30 FCC Rcd. 7961, ¶29-30 (2015) (explaining a person or entity "initiates" a telephone call when it takes the steps necessary to physically place a telephone call and is so involved in the placing of a specific telephone call as to be deemed to have initiated it).

The motion to dismiss points out that Plaintiff alleges no conduct by either Mr. Manzoor or Clear Lead. At most, Plaintiff has conducted third party discovery that shows Mr. Manzoor was once (but is no longer) the registrant of an internet domain name that Plaintiff was provided – not during the complained-of call but when he returned the call and spoke to someone. *See* Dkt. 50 at

2

2-3 & 4, citing Dkt. 18 ¶¶ 29-30. Plaintiff further asserts that, while the complaint alleges the number that called him is "used by" JustDeliverIt, Mr. Haider (the unserved defendant) signed up for an account with JustDeliverIt and identified himself as affiliated with Clear Lead. Dkt. 50 at 2 & 4, citing Dkt. 18 ¶ 22. There is no evidence and no facts alleged to support a conclusion that either movant initiated the call at issue.

Plaintiff never served any discovery on Mr. Manzoor but on August 12, 2025, he did serve discovery on Clear Lead. Clear Lead timely responded on September 11, 2025. Copies of Clear Lead's interrogatory responses, explaining that it did not initiate or participate in the underlying call, are attached here as Exhibit 1. In the month since Clear Lead provided its discovery responses, Plaintiff did not object or seek additional information from Clear Lead. Plaintiff has served subpoenas on JustDeliverIt and other parties who might have responsive information, so those parties are on notice and subject to document retention obligations, as are the parties to the case.

During the October 2 status conference, Mr. Manzoor and Clear Lead articulated the unfair burden of their having to participate in additional discovery in a putative national class action case pending resolution of their motion to dismiss, which is based on their being dragged into this case notwithstanding the absence of any allegations that either of them actually did any act direct to Plaintiff. The Court stated that it would "consider any forthcoming motion to stay," which movants here file. Dkt. 49.

## II. ARGUMENT

District courts have broad discretion in managing discovery. Fed. R. Civ. P 26(c)-(d); *Lord v. PDD Holdings, Inc.*, No. 23-CV-04729, 2024 WL 5432081, at *2 (N.D. Ill. Feb. 28, 2024). "[W]hile the filing of a motion to dismiss does not automatically stay discovery, staying discovery during the pendency of such a motion is 'not disfavored and [is] often appropriate where the motion

to dismiss can resolve the case.' *Id. (citation omitted)*; *see also Liggins v. Reicks*, Case No. 3:19-cv-50303, 2021 WL 2853359, at *1 (N.D. Ill. Jul. 8, 2021) (granting discovery stay because "[s]tays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where ... discovery may be especially burdensome and costly to the parties"). "In determining whether to grant a stay, a court may consider the following factors: '(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Omnireps, LLC v. CDW Corp.*, No. 1:23-CV-00868, 2024 WL 2052069, at *2 (N.D. Ill. May 8, 2024) (citations omitted). Applying these factors to the facts here supports a stay of discovery pending resolution of the motion to dismiss.

### A. A Stay Will Simplify the Issues and Streamline the Case.

The pending motion to dismiss will resolve whether Mr. Manzoor and Clear Lead are properly named as defendants in this case even though neither is alleged to have actually initiated the January 2025 call to Plaintiff. As in *Omnireps*, where the court stayed discovery because the pending motions could "significantly narrow or dispose of the case," *Id.* at *2, the outcome here will either end the claims against the movants or sharply define what discovery remains relevant. At the very least, Judge Tharp's ruling on the motion to dismiss will guide and direct what discovery is necessary and appropriate going forward, if any. As another Court in this District observed, "[c]ourts are more likely to stay discovery pending a motion to dismiss where the motion will resolve an important threshold issue." *Lord v. PDD Holdings, Inc.*, No. 23-CV-04729, 2024 WL 5432081, at *2 (N.D. Ill. Feb. 28, 2024) (granting stay where Rule 12 motion would "simplify" the issues"). This factor thus supports a stay here.

4

### B. A Stay Will Reduce the Burden of Litigation on the Parties and the Court.

The scope of discovery in national TCPA class actions, including subpoenas to multiple telecommunications and hosting providers, production of call logs, third-party account records, and forensic tracing, is precisely the type of "sweeping, burdensome" discovery that the court in *Omnireps* identified as warranting a stay when pending motions could render this effort moot. *Omnireps, LLC*, 2024 WL 2052069, at *3. This discovery will impose burdens on the movants, the Court and third parties, all the while Judge Tharp is determining whether this case will proceed at all and, if so, the parameters of such a claim.

### C. Plaintiff Will Not Suffer Undue Prejudice from a Stay.

"[A] mere delay in a plaintiff's ability to proceed to discovery caused by a stay amounts to little, if any, prejudice." *Rao v. JPMorgan Chase Bank, N.A.*, No. 21 C 1361, 2021 WL 4927415, at 1 (N.D. Ill. May 12, 2021) (denying motion to reconsider stay pending ruling on motion to dismiss); *Omnireps*, 2024 WL 2052069, at *2–3. This is particularly so here, where Plaintiff has already had six months to take discovery on his claim against Clear Credit AI. Plaintiff has served third party discovery, securing the required documents he believes he needs against third parties. He has had every opportunity to take discovery against Clear Credit AI. He has not served, and so has no right to discovery against Defendant Haider (whom a stay will give him time to serve), and he has even had an opportunity to service discovery on movants. He did so as to Clear Lead and has raised no issue about its responses. There is thus no prejudice to Plaintiff from a stay while Judge Tharp considers the pending motion to dismiss. Indeed, Plaintiff has effectively completed his discovery, as discussed in the contemporaneous motion to extend filed by Plaintiff. What would remain, if anything, after a ruling on the motion to dismiss would be limited discovery of Plaintiff,

5

the expense and burden for which is properly deferred until it is determined whether movants have been properly named at all.

By contrast, denying a stay would force movants (and likely yet more third-parties) to expend resources on defending discovery in a national class action on a complaint against them that alleges no conduct by either of them directed toward Plaintiff. The Court, too, would expend more resources overseeing and supervising this discovery, the goal of which by all appearances is simply to fish for more defendants.

**WHEREFORE**, Defendants Clear Lead Solutions Corp. and Sajeel Manzoor respectfully request that the Court stay discovery in this matter pending resolution of Defendants' Motion to Dismiss.

Date: October 14, 2025						Respectfully submitted,

**CLEAR LEAD SOLUTIONS CORP.**,

By:     s/ Robert M. Andalman
          One of their Attorneys


Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
Khoa D. Trinh (Atty. No. 6351044)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 West Washington St., 28th Floor
Chicago, IL 60606
Tel.: (312) 755-3161
randalman@agdglaw.com
rblackburn@agdglaw.com
ktrinh@agdglaw.com

## **CERTIFICATE OF SERVICE**

I, Robert M. Andalman, an attorney, hereby certify that the foregoing ***CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S MOTION TO STAY DISCOVERY PENDING RULING ON THEIR MOTION TO DISMISS*** was electronically filed on October 14, 2025, and will be served by ECF on counsel of record.

/s/ Robert M. Andalman