**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:25-cv-1056 |
| v. | ) ) | Hon. John J. Tharp |
| | ) ) | Magistrate Judge Keri L. Hotaling |
| CLEAR CREDIT AI, LLC, CLEAR LEAD SOLUTIONS CORP., SAJEEL MANZOOR and SAJJAD HAIDER, | ) ) ) ) | |
| | ) ) | |
| Defendants. | ) | |

**CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR AN EXTENSION TO COMPLETE DISCOVERY**

Defendants Clear Lead Solutions Corp. ("Clear Lead") and Sajeel Manzoor oppose Plaintiff's motion for an extension to complete discovery. Dkt. 51. Plaintiff has failed to demonstrate good cause to the Court's firm discovery cut-off after Plaintiff himself was given ample time to conduct discovery in this matter. Specifically, on April 4, 2025, the Court gave Plaintiff almost seven months, to October 29, 2025, to complete fact discovery. Dkt. 11. Doing so, the Court was clear: "The Court does not expect to extend this firm fact discovery deadline and in no case will do so without written motion detailing exceptionally good cause." *Id.* Plaintiff's motion explains that he used this time to pursue discovery, but it says absolutely nothing about why that time was not sufficient.

To the contrary, the only "explanation" provided for why Plaintiff seeks more time is the following: "The Plaintiff requires additional time, particularly owing to Defendants' obstruction in discovery by virtue of their motion to dismiss, as well as to uncover and develop the facts surrounding liability for each of the Defendants at issue and their respective roles in the calling

conduct." Dkt. 51 at 2. Plaintiff does not explain how it is "obstruction" to properly respond to a complaint pursuant to Fed. R. Civ. P. 12(b)(6), as explicitly provided for in the Rules of Civil Procedure. Neither does he articulate any reason why the nearly seven months the Court provided already was not sufficient to complete discovery of the "facts surrounding liability." Plaintiff does not identify any discovery he requires but has not obtained. He identifies no additional sources of documents. He names no witnesses he needs to depose – or whom he could not have deposed since April. He omits that he had an opportunity to serve discovery on Clear Lead and Mr. Manzoor. He only took the opportunity to do so only for Clear Lead, which responded over a month ago. A copy of some of those responses are attached to the contemporaneously filed motion to stay discovery filed by Clear Lead and Manzoor.

Under no authority cited by Plaintiff, most from outside this District, and upon no authority of which Clear Lead and Mr. Manzoor are aware, does a generic and unexplained desire "to uncover and develop the facts" satisfy the "good cause" standard. Plaintiff does not seek leave to amend his pleadings based on newly discovered facts, as in each of the cases he cites in his motion. *See, e.g., CMFG Life Ins. Co. v. RBS Secs. Inc*., No. 12-cv-037-wmc, 2013 WL 4483068, at *16 (W.D. Wis. Aug. 19, 2013); *Armitage v Apex Control Sys., Inc*., Cause No. 2:08-cv-45-WTL-WGH, 2010 WL 4318846, at *1-*2 (S.D. Ind. Oct. 26, 2010), and *Direct Enters., Inc. v. Sensient Colors LLC*, No. 115CV01333JMSTAB, 2017 WL 2985623, at *3 (S.D. Ind. July 13, 2017).

Even as he cites no precedent involving an extension of discovery deadlines, Plaintiff ignores the requirement such precedent establishes that "good cause" in this context requires the movant to articulate reasons why specific discovery could not be completed within the time the Court provided. Specifically, "[t]he good cause standard ... 'is meant to be flexible,' but the party seeking such discovery should ordinarily be able to articulate a reason for believing that it is

warranted." *Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 523 (N.D. Ill. 2005); *Henyard v. MV Transportation*, No. 1:15-CV-10835, 2020 WL 7027540, at *6 (N.D. Ill. Nov. 29, 2020), aff'd, 856 F. App'x 612 (7th Cir. 2021) (extension of discovery properly denied when movant "fails to explain what good cause there is to re-open discovery"). Plaintiff does not make even a good faith attempt to satisfy that standard here. He states what he has done, for example, he claims success "in securing classwide calling records and having them analyzed." Dkt. 51 at 2. But he makes no attempt to explain any additional discovery that is required or why that discovery could not have been obtained already. Accordingly, Plaintiff has not demonstrated "good cause" to extend the Court's firm discovery cut off and his motion is properly denied.

Date: October 14, 2025               Respectfully submitted,

                                     **CLEAR LEAD SOLUTIONS CORP.,**

                                     By:      s/  Robert M. Andalman
                                              One of their Attorneys

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
Khoa D. Trinh (Atty. No. 6351044)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 West Washington St., 28th Floor
Chicago, IL 60606
Tel.: (312) 755-3161
randalman@agdglaw.com
rblackburn@agdglaw.com
ktrinh@agdglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Andalman, an attorney, hereby certify that the foregoing ***CLEAR LEAD SOLUTIONS CORP. AND SAJEEL MANZOOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION TO COMPLETE DISCOVERY*** was electronically filed on October 14, 2025, and will be served by ECF on counsel of record.

/s/ Robert M. Andalman

4