IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE ROJAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 CV 01056 |
| | ) | |
| CLEAR CREDIT AI, LLC et al., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Defendants' motion to dismiss [37] is granted for the reasons explained in the Statement. Defendants Sajeel Manzoor and Clear Lead Solutions Corp. are dismissed without prejudice. Rojas is granted leave to amend the complaint by November 25, 2025.

## STATEMENT

### I. Background

The plaintiff, Jorge Rojas, claims that he received an unwanted telemarketing call to his cell phone on January 14, 2025, from the number 719-410-3027. First Am. Compl. 4 ¶¶ 18–21, ECF No. 18. The caller left an allegedly pre-recorded message, stating: "Total Relief Services is making a final attempt to contact you about a $48,000 . . . this fund can be utilized . . . if you wish to apply for this emergency relief, please call 754-732-1169." *Id.* at 4 ¶ 24. Upon calling the provided number, Rojas was directed to https://clearcredit.ai and received an email from jerome.k@clearsolution.ai. *Id.* at 5 ¶¶ 29–30.

Rojas sued Clear Credit, AI ("Clear Credit"), Clear Lead Solutions Corp. ("Clear Lead"), Sajjad Haider, and Sajeel Manzoor for violating the Telephone Consumer Protection Act of 1991 (TCPA). *Id.* at 1–2 ¶¶ 1–2. Rojas alleges that Haider signed up for the 719-410-3027 number using the Clear Lead name and clearsolution.ai domain. *Id.* at 4 ¶ 22. He also alleges that Haider signed up for the 754-732-1169 number using the Clear Credit name and clearsolution.ai domain, *id.* at 4 ¶ 25, as well as for a service called JustDeliverIt that sends pre-recorded messages. *Id.* at 4 ¶ 23, 6 ¶ 38, 40. He also says that JustDeliverIt uses the 719-410-3027 number, and that the JustDeliverIt service was used to send the message Rojas received on January 14. *Id.* at 4 ¶ 23, 6 ¶ 38.

Rojas claims that Clear Lead is the "illegal telemarketing arm" of Clear Credit. *Id.* at 5 ¶ 26. As for Manzoor, Rojas asserts that Manzoor registered the clearsolution.ai domain. *Id.* at 5 ¶ 31–33. Notably, Rojas does not allege that either the voicemail or the person he spoke with mentioned Manzoor or Clear Lead. Manzoor and Clear Lead filed a motion to dismiss the

operative complaint for failure to state a claim, arguing that Rojas did not allege that the call came from Manzoor or Clear Lead but rather from JustDeliverIt.

## II. Discussion

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the pleaded facts as true and draws all reasonable inferences in Rojas's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). The Court does not, however, accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Viewed in this light, a complaint must state a facially plausible claim to relief to overcome the motion to dismiss. *Id.*

### A. Additional Facts

In his response to the defendants' motion to dismiss, Rojas includes documents gathered through discovery and not attached to the complaint. Pl.'s Ex., ECF No. 48-1. On a motion to dismiss, the Court generally looks only to the plaintiff's complaint. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Considering evidence outside the pleadings would normally require converting this motion to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Seventh Circuit has held that, in opposing a motion to dismiss, a plaintiff may supplement his complaint with consistent factual allegations in a pleading, affidavit, or with other materials. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). But none of the exhibits attached to Rojas's response supplement his complaint with additional relevant factual allegations; instead, they merely support what Rojas has already alleged: that Haider signed up for the 719-410-3027 number using the Clear Lead name and clearsolution.ai domain, Pl.'s Ex. 1, 5–6, that Haider signed up for the 754-732-1169 number and JustDeliverIt using the Clear Credit name and clearsolution.ai domain, *id.* at 11, 14–15, and that Manzoor registered the clearsolution.ai domain, *id.* at 19, 25.

The only additional factual allegations are contained in the text of Rojas's response, regarding the JustDeliverIt service: that Clear Lead used JustDeliverIt between September 2024 and June 2025, that JustDeliverIt did not provide Clear Lead any content of calls made, and that JustDeliverIt customers must provide the content. Pl.'s Resp. 5, ECF No. 48. Rojas included these allegations to rebut the defendants' argument that JustDeliverIt, not Manzoor or Clear Lead, made the calls at issue. Because they are consistent with the complaint, the Court considers these allegations. For reasons explained below, however, these additional allegations do not help Rojas's case, because the Court does not credit defendants' argument on this point.

### B. TCPA Liability

The TCPA outlaws prerecorded calls to cell phones without the called party's express consent. 47 U.S.C. § 227(b)(1). The statute's text specifically states that it is unlawful to "make" any such call. *Id.* § 227(b)(1)(A). One can be directly liable under the TCPA, of course, but the Seventh Circuit has acknowledged that the TCPA can also support vicarious liability. *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 357 (7th Cir. 2020). The defendants argue that Rojas has not stated a claim for either direct or vicarious liability under the TCPA. Mem. Supp. Mot. Dismiss 4–9, ECF No. 38. In his response to the defendants' motion to dismiss, however, Rojas argues

only that Manzoor and Clear Lead are directly liable. Pl.'s Resp. 5–15. The Court therefore does not consider vicarious liability.

The question, then, is what factual allegations are needed to state a claim for direct liability under the TCPA. The defendants point out that other courts in this district have held that, to be directly liable under the TCPA, a person must "physically place[] the calls or [be] 'so involved in' their placement that it essentially made them itself." *Bennett v. Celtic Ins. Co.*, No. 20-cv-06172, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (citation modified); *see also Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014); *Warciak v. Subway Rests., Inc.*, No. 1:16-CV-08694, 2019 WL 978666 (N.D. Ill. Feb. 28, 2019), *aff'd on other grounds*, 949 F.3d 354 (7th Cir. 2020). "So involved in" would entail, for example, directing the exact "timing and manner of the call." *Warciak*, 2019 WL 978666, at *2. However, those rulings (or the authority those courts cite) relied on the Federal Communications Commission's decision in *In re Dish Network, LLC*, 28 FCC Rcd. 6574 (2013), which is no longer afforded *Chevron* deference. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024); *see also McLaughlin Chiropractic Assoc., Inc. v. McKesson Corp.*, 606 U.S. 146, 168–69 (2025) ("The District Court is not bound by the FCC's interpretation of the TCPA. The District Court should interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation.").

Based on the plain text of the statute ("It shall be unlawful for any person . . . to make any call," 47 U.S.C. § 227(b)(1), this Court agrees with the other courts in this district that one must actually ***make*** the call—or perhaps, be significantly involved in the making of the call—to be directly liable under the TCPA. But because, as discussed below, the operative complaint does not allege that Manzoor or Clear Lead made or were significantly involved in making the call, this Court need not define the exact contours of direct TCPA liability. In any case, Rojas agrees with this interpretation of the TCPA and has therefore forfeited any argument to the contrary. Pl.'s Resp. 6 ("Direct TCPA liability attaches to an entity that 'initiates' the call, that is, the entity that either takes the necessary steps to physically place it or is 'so involved in' the placement that it essentially made the call itself." (citing *Smith*, 30 F. Supp. 3d at 771)).

Rojas's complaint does not state a claim against Manzoor or Clear Lead for direct liability under the TCPA. To start, it does not allege that either Manzoor or Clear Lead made the call. Nor does it allege facts sufficient to draw the reasonable inference that Manzoor or Clear Lead either made the call or were significantly involved. The call advertised "Total Relief Services," not Clear Lead. The only allegations Rojas makes about Manzoor and Clear Lead's connection to the call are that 1) the phone number that Rojas received a call from was registered to Clear Lead and clearsolution.ai, 2) Clear Lead was a JustDeliverIt customer for that phone number, and the call was placed using JustDeliverIt, and 3) Rojas received an email from jerome@clearsolution.ai, the domain for which was registered by Manzoor. At most, these allegations could support the inference that someone named Jerome used the defendants' infrastructure to advertise Total Relief Services. But Rojas makes no factual allegations that Total Relief Services is connected to Manzoor or Clear Lead. The facts alleged cannot support a reasonable inference that Manzoor or Clear Lead made the call to Rojas.

The defendants argue that because the operative complaint says that the JustDeliverIt service was used to send the message at issue, Manzoor and Clear Lead could not have made the

3

call: JustDeliverIt did. Mem. Supp. Mot. Dismiss 6. That argument is unavailing, however, because Rojas's complaint makes clear that JustDeliverIt is simply a "prerecorded messaging platform." First Am. Compl. 6 ¶ 38. As Rojas points out, the defendants' argument is akin to saying that T-Mobile makes calls. Pl.'s Resp. 7. T-Mobile does not "make" a call—the user makes a call using the T-Mobile service. Similarly, the user of JustDeliverIt "makes" a call using the JustDeliverIt service.

So, if JustDeliverIt did not make the call, who did? Rojas does not allege sufficient facts to answer that question. True, he alleges that Clear Lead signed up for the JustDeliverIt service for the phone number in question. But that's the same as saying that the phone number was registered to Clear Lead—it says nothing about who actually used the service to make the call.

\* \* \*

For the foregoing reasons, Manzoor and Clear Lead's motion to dismiss is granted for failure to state a claim. Defendants Manzoor and Clear Lead are dismissed without prejudice and are granted leave to amend within 28 days.

Date: October 28, 2025

John J. Tharp, Jr.
United States District Judge