IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CLEAR CREDIT AI, LLC<br>Et al.<br><br>    Defendants. | Case No.: 25-CV-01056 |

**PARTIES' JOINT STATUS REPORT**

    Pursuant to this Court's December 2, 2025 order (ECF 60), the Parties provide the following status report.

Plaintiff's Statement:

    On October 28, 2025, the Court granted the Defendants' Motion to Dismiss without prejudice to the Plaintiff filing an amended Complaint by November 25, 2025 (ECF No. 57). Plaintiff did so. (ECF No. 58). As a result of the Court granting the Motion to Dismiss, the Plaintiff was under the erroneous assumption that no status report, previously due on November 3, 2025, was due, including as to the order on the Motion not providing guidance on whether or not the report was due in the interim, including because the Court otherwise provided a date certain for how to proceed in this matter.

    Nevertheless, Plaintiff's discovery has been proceeding in this matter. Although a short extension of the January 16 fact discovery deadline may become necessary, the Plaintiff has already obtained from third party JustDeliverIt a listing of all prerecorded calls sent from

Defendant Clear Leads' calling account and is in the process of analyzing these class calling records for expert analysis and moving for class certification. Plaintiff is currently in the process of scheduling at least three deposition witnesses: Defendant Manzoor's deposition, as well as depositions of the corporate Defendants' 30(b)(6) representatives. Thus, Defendant's contention that the Plaintiff has "conducted no discovery subsequent to these orders" is inaccurate: the Plaintiff is in the process of scheduling depositions in accordance with the topics provided, and is finalizing the last of the discovery necessary after expert analysis is complete, which he will propound in time for the discovery deadline.

Defendant's claims that the Plaintiff "did absolutely nothing" to advance discovery in this case are false (the calling records are currently having their expert analysis finalized, together with a third party declaration), and ignores the fact that Defendants themselves only raised issues as to the purported "deficiencies" in the first set of discovery that Defendant Clear Credit (improperly) served on Plaintiff, prior to the parties' Rule 26(f) conference, and which Plaintiff objected to in *April*. Defendant Clear Credit raised *no issues whatsoever* with the Plaintiff's *April* objections to the premature discovery served on the Plaintiff until December 3, 2025. And, up until December 4, 2025, neither Defendant Manzoor nor Defendant Clear Leads propounded *any* discovery of *any* manner whatsoever on Plaintiff, in addition to not seeking to schedule Plaintiff's deposition until December 3, 2025, either.

Defendants Clear Lead and Manzoor's Statement:

Plaintiff did absolutely nothing to advance discovery in this case after October 13, 2025, when the Court granted his motion to extend discovery by 90 days to January 16, 2026. Above, Plaintiff tells the Court he used this time to seek calling records; this is the same thing he told the Court in October, claiming more than six weeks ago that he had "been diligent in pursuing his

claims, including by securing classwide calling records and having them analyzed." Dkt. 51 at 2. Moreover, while Defendants sought a stay of discovery pending the motion to dismiss, both this Court and the District issued orders denying that relief, with the District Court emphasizing that "[s]ubstantial discovery would be required even if the motion to dismiss is granted." Dkts. 55-56.

The truth is that the only actions that Plaintiff has taken mid-October was in response to this Court's 8:37 p.m. Order on December 2. Until then, Plaintiff did not respond to correspondence on October 15 and October 27 from Clear Credit's prior counsel and the undersigned, requesting copies of documents Plaintiff has received by subpoena. Those were only provided on December 3. In fact, Plaintiff has not responded to requests for production served by Clear Credit's prior counsel in March – instead standing on an objection that the discovery was served by email (the same way in which Plaintiff served Clear Lead with discovery) and days before prior counsel had conducted a Rule 26(f) conference. Plaintiff has still not agreed to provide that discovery, even after Defendants pointed him to Fed. R. Civ. P. 26(d)(2)(B), which explicitly provides for service of requests for production prior to a Rule 26(f) conference and states that such requests are to be treated as served on the date of the conference, such that responses were due 30 days therefrom. The undersigned defense counsel had no involvement in this case until August and did not substitute as counsel for Clear Credit until September. Counsel did not receive the case file from prior counsel until mid-October.

The parties have agreed to meet and confer next week and Defendants will move to compel responses if no agreement to respond is forthcoming. Plaintiff sought no depositions until December 3 and only provided suggested topics for two requested corporate representative depositions on December 4. Including sub-parts, the topics are overbroad in part and unreasonably specific in other parts. They number 64 for each corporate defendant and the

parties will discuss those topics at next week's meet and confer, too. If they cannot be narrowed, Defendants intend to file a motion for protective order.

The District Court dismissed the First Amended Complaint on October 28, 2025, Dkt. 57, and the Second Amended Complaint was filed November 25, Dkt. 58, on the eve of Thanksgiving. The Second Amended Complaint does not address the deficiencies the District Court observed in the last pleading, so Defendants have been working on a 14-day deadline that spanned the holiday to file another motion to dismiss by December 9. In the meantime, on December 3, Defendants requested dates in the second week of January for Plaintiff's deposition. On December 4, Defendants Clear Lead and Manzoor served both requests for production and interrogatories on Plaintiff.

Defendants Clear Lead and Manzoor's motion to dismiss the First Amended Complaint was granted on October 28, so neither was a party to this case on November 3. In light of their dismissal, and frustration with Plaintiff's counsel ignoring efforts to obtain prior discovery responses, the undersigned failed to file his own report on November 3 when Plaintiff's counsel failed to circulate a draft, as is general practice. That was error and the undersigned defense counsel apologizes to the Court. It will not happen again.

RESPECTFULLY SUBMITTED AND DATED this December 5, 2025

        **JORGE ROJAS**

        By: */s/ Andrew Roman Perrong*
        Andrew Roman Perrong, Esq.
        N.D. Ill. Gen. Bar #333687
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, Pennsylvania 19038
        Phone: 215-225-5529 (CALL-LAW)
        Facsimile: 888-329-0305
        a@perronglaw.com
        *Attorney for Plaintiff*

**CLEAR CREDIT AI, CLEAR LEAD SOLUTIONS CORP. and SAJEEL MANZOOR**

By: s/ Robert M. Andalman
One of their Attorneys

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
Khoa D. Trinh (Atty. No. 6351044)
Aronberg Goldgehn Davis & Garmisa
225 West Washington St., 28th Floor
Chicago, IL 60606
Tel.: (312) 755-3161

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2025, a copy of the foregoing was filed electronically on CM/ECF.

Dated: December 5, 2025

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong, Esq.