IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ROJAS, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CLEAR CREDIT AI, LLC, CLEAR LEAD )<br>SOLUTIONS CORP., and SAJEEL MANZOOR )<br>)<br>)<br>Defendants. ) | Case No. 1:25-cv-1056<br><br>Hon. John J. Tharp<br><br>Magistrate Judge Keri L. Hotaling |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE
<u>SECOND AMENDED CLASS ACTION COMPLAINT</u>**

Jorge Rojas has now filed three complaints in this single-call TCPA case. Each suffers from the same fundamental defect: no well-pled facts plausibly establish that any Defendant either made the single call at issue or was a principal of an agent that made the call. The Court previously dismissed the First Amended Complaint (the "FAC") as to both Clear Lead Solutions Corp. ("Clear Lead") and Sajeel Manzoor. Dkt. 57. Now Rojas has filed his Second Amended Complaint ("SAC"), Dkt. 58, which adds the same factual materials he referenced and included in his response to the motion to dismiss the FAC. The Court considered these facts at the time but concluded they "do not help Rojas's case," as they only confirm what had already been alleged – allegations the Court agreed did not state a claim. Dkt. 57 at 2. The deficiencies the Court noted in its decision apply as equally to Clear Credit AI ("Clear Credit") as to the other defendants. The only defendant from the FAC for which the SAC adds facts is Sajjad Haider. However, the SAC drops Haider as a defendant altogether.

Ultimately, the SAC is properly dismissed, this time with prejudice, because it does not allege facts that plausibly support the *sine qua non* of a TCPA case, that is, that any of the named defendants made the call at issue.

## FACTUAL BACKGROUND

The SAC's allegations are almost identical to the FAC. Thus, it is alleged that, on or about January 14, 2025, Rojas received a prerecorded voicemail message from telephone number 719-410-3027. Dkt. 58 ¶¶ 20 & 27. The message stated: "Total Relief Services is making a final attempt to contact you about" an "emergency relief" fund. *Id*. ¶ 27. The SAC alleges that the message included a call back number of 754-732-1169, which Rojas did call back. *Id*. ¶ 38. When he did, Rojas was given a website, "clearsolution.ai," and received an email with paperwork regarding debt solutions from an email address: "jerome.k@clearsolutions.ai." *Id*. ¶¶ 39-40.

The SAC repeats the allegation that the number that placed the subject call was "serviced by a service called JustDeliverIt," which it describes as "a system that is used to send prerecorded messages, including to voicemail services, just as the call Plaintiff received." *Id*. ¶ 22. It embeds a portion of a spreadsheet that indicates a call from that number to Rojas's number on January 14. Dkt. 58-2. The exhibit does not reference any of the Defendants, however. Citing to an email from an outside lawyer for JustDeliverIt, the SAC further alleges that Clear Lead was a customer of JustDeliverIt from September of 2024 to June of 2025, as Plaintiff argued in response to the motion to dismiss, *see* Dkt. 48 at 5; however, both the SAC and JustDeliverIt's outside lawyer emphasize that this account was "applied for and accessed solely through Mr. Sajjad Haider." Dkt. 58 ¶ 24 & Dkt. 58-3. Again, Haider is no longer a party to this case.

This is all the facts that are alleged about the one call that is the basis of the SAC. These are the same allegations that were before the Court on the FAC, about which the Court concluded:

2

"At most, these allegations could support the inference that someone named Jerome used the defendants' infrastructure to advertise for Total Relief Services." Dkt. 57 at 3. The only difference is that now it is alleged that Haider, no longer a defendant, was the *only* person who accessed the JustDeliverIt account. As for Total Relief Services, the SAC now concludes that "'Total Relief Services' is an alias used by the Defendants to hide their involvement in the subject calling conduct, and is not a cognizable legal entity." Dkt. 58 ¶ 28. The SAC does not allege *which* Defendant uses this "alias." Instead, the SAC asks that the Court ignore what the call actually said and to substitute the "Defendants" for what the quoted recording stated based on Rojas's unsupported assertion that "[t]his arrangement is common in illegal lead generation." *Id.* ¶ 29. The SAC includes no supporting facts on which the Court could rely to substitute the names of all "Defendants" for "Total Relief Services."

The remaining factual allegations in the SAC concern a second call *that Rojas made* after he received the prerecorded message. *Id.* ¶ 31. There is no allegation that Rojas's call violated the TCPA. Rather, the allegations about the second call, which again are nearly identical to those in the dismissed FAC, appear to be intended to demonstrate who stood to benefit from the first call.

About Rojas's call, the SAC repeats the FAC's allegation that the number Rojas dialed, which was left on the prerecorded message, belonged to "former Defendant Sajjad Haider," whom it is alleged "signed up for the account personally." *Id.* (emphasis in original). The SAC includes a document from RingCentral, the service provider for the number, which lists "Clear Credit" next to Haider's name and includes an address that the SAC says is Manzoor's. *See id.* & Dkt. 58-4. In addition, Haider's email address listed in the RingCentral document uses the same "clearsolution.ai" domain that Rojas says he was given during his own call back to the second number. *Id.* All of these facts were also alleged in the FAC. Dkt. 18 ¶ 25.

3

Like the FAC, the SAC further alleges that the domain "clearsolution.ai" listed on the RingCentral document was historically registered under Manzoor's name. *Id.* ¶ 41. However, the document the SAC cites as support for this allegation actually shows that the website owner is someone named Hammad Khan, though this could have been Haider as the listed email address is sajjad@clearsolution.ai. Dkt. 58-5 at 3. The document references Manzoor only in an email response to a request from Rojas's counsel for "historical WHOIS data."[1] *Id.* at 1. No date is provided for when Khan (or Haider) took control of the site, which is currently owned by someone named Basit Malik. *See id.* Neither does the document support the SAC's hypothesis that the website ownership was changed to Malik after this lawsuit was filed. *See* Dkt. 58 ¶¶ 42 & 50. The SAC is rife with argument and speculation like this, such as the unsupported assertion that Rojas "believes" an IP address (67.183.211.64) is affiliated with Manzoor. *See id.*, ¶ 43.

The SAC draws the conclusion that "[a]s the subject call was sent from Defendant Clear Lead's JustDeliverIt Account, it is plausible to infer the messages were physically and directly sent by Defendant Clear Lead …." Dkt. 58, ¶ 24. This is precisely the logic the Court previously rejected, holding that "at most" such allegations only suggest use of defendants' infrastructure. Dkt. 57 at 3. That remains true for the SAC. Moreover, the SAC repeatedly "alleges" as authoritative snippets of FCC interpretations of the TCPA, despite the Court's clear direction that it will not give deference to those interpretations. Dkt. 57 at 3, citing *McLaughlin Chiropractic Assoc., Inc. v. McKesson Corp.*, 606 U.S. 146, 168–69 (2025) ("The District Court is not bound by the FCC's interpretation of the TCPA."); *compare* Dkt. 58 ¶¶ 13, 53-56 (citing out-of-context snippets of FCC interpretations and holdings).

---

[1] "WHOIS" is a service that allows people to look up who has registered an internet domain name. *See* https://www.openprovider.com/glossary/what-is-whois-lookup's.

## ARGUMENT

TCPA liability depends on a defendant having actually made the complained of call (for direct liability) or else directing and controlling the call maker with regard to the specific call (for vicarious liability). The SAC clearly states that it relies only on a direct liability theory as to Defendant Clear Lead and only on a vicarious liability theory as to Defendants Clear Credit and Manzoor. Dkt. 58 ¶ 35. The SAC does not, however, state a claim against any one of the named defendants on these theories. Despite months of discovery, it musters only the same speculation, conclusory aspersions, and vague hypotheses the failed FAC relied upon, cobbled together by a serial plaintiff who has filed at least *78* of these cases in recent years in this District. In these cases, Rojas attempts to manufacture a lawsuit (and then a settlement), just as he did in this case when (by his own allegations) he returned the prerecorded message he received and then invited "Jerome" to send him information. Regardless, it is abundantly plain that even after three attempts, Mr. Rojas has not and cannot state a claim.

**A.  Legal Standard for Dismissal**

To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusions are not accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conjecture cannot substitute for well-pleaded facts: Plaintiffs "cannot offer up a scenario as a mere possibility and argue that they are on that basis justified in obtaining discovery to see whether there is any truth to their conjecture." *Gorgoni v. OneWest Bank, FSB*, No. 11 C 08738, 2013 WL 1278475, at *2 (N.D. Ill. Mar. 28, 2013) (Tharp, J.) (granting motion to dismiss where plaintiff alleged a material conclusion without supporting fact). The SAC here utterly fails these standards.

**B.      The SAC Does Not State a Direct Liability TCPA Claim Against Clear Lead**

The Court set out the basic requirements for direct liability under the TCPA claim in its decision on the FAC. Specifically: "The TCPA outlaws prerecorded calls to cell phones without the called party's express consent. 47 U.S.C. § 227(b)(1). The statute's text specifically states that it is unlawful to 'make' any such call." Dkt. 57 a 2. Thus, to state a direct liability claim against Clear Lead, as the SAC purports to do, Rojas must allege that Clear Lead "made" the first call to him. He has not done so.

As it has already explained, "[b]ased on the plain text of the statute ('It shall be unlawful for any person … to make any call,' 47 U.S.C. § 227(b)(1), this Court agrees with the other courts in this district that one must actually *make* the call – or perhaps, be significantly involved in the making of the call – to be directly liable under the TCPA." Dkt. 58 at 3, citing *Bennett v. Celtic Ins. Co.*, No. 20-CV-06172, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (citation omitted) (holding that "[d]irect liability exists when a defendant 'initiates' the disputed phone call" and dismissing complaint where there was no allegation that the defendant actually made the call at issue); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765 (N.D. Ill. 2014) (dismissing TCPA direct liability claim and citing FCC ruling that emphasizes the requirement that for such liability, the defendant actually initiate the call); *Warciak v. Subway Rests., Inc.*, No. 1:16-CV-08694, 2019 WL 978666 (N.D. Ill. Feb. 28, 2019), *aff'd on other grounds*, 949 F.3d 354 (7th Cir. 2020) (same). Concerning "significant involvement" in the making of a call, which some courts have referred to as the "so involved" standard, the Court noted that this "would entail, for example, directing the exact 'timing and manner of the call.'" Dkt. 57 at 3, citing *Warciak*, 2019 WL 978666, at *2.

The SAC no more alleges facts that show Clear Lead made the first call to Rojas than the FAC did. Instead, the SAC makes the argument that "[a]s the subject call was sent from Defendant Clear Lead's JustDeliverIt Account, it is plausible to infer that the messages were physically and directly sent by Defendant Clear Lead …." Dkt. 58 ¶ 24. This conclusion (really an argument) is wholly inconsistent with the Court's prior ruling that it was not sufficient in the FAC to allege that the infrastructure used for the call was associated with Clear Lead, which was not itself mentioned in the call. Dkt. 57 at 3. The SAC does not and cannot allege a direct liability claim against Clear Lead because Clear Lead did not (and is not alleged to have) made the subject call or determined its exact timing and manner.

### C. The SAC Does Not State a Vicarious Liability Claim Against Clear Credit and Manzoor

The SAC makes only a vicarious liability claim against Clear Credit and Manzoor "for directing and controlling the calls to be made." Dkt. 58 ¶ 35. However, it alleges no facts that show either of these defendants in fact "directed or controlled" the single alleged call to Rojas.

Vicarious liability requires allegations of facts that plausibly support a conclusion that the person making the call had an agency relationship with the caller. *See Bennett*, 2022 WL 865837, at *4. The Seventh Circuit has specified that to state a claim for vicarious liability under the TCPA requires allegations of fact that demonstrate the person making the call did so upon the direction of the defendant as principal to the call maker. *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) (affirming dismissal of TCPA case where the only allegation was that a contractual relationship existed between the advertiser, Subway, and the caller, T-Mobile). This requires more than just an alleged fact linking a defendant to a call; rather, as the Court held: "It is unreasonable for courts to contrive an inference [of vicarious liability] when the scarce facts barely allege a claim." *Id.*

7

When it affirmed dismissal of the complaint in *Warciak*, among the deficiencies the Seventh Circuit observed was that the "complaint lacks sufficient facts showing Subway manifested to the public that T-Mobile was its agent" and "further fails to allege sufficient facts to show how [plaintiff] reasonably relied, to his detriment, on any apparent authority with which he alleges Subway cloaked T-Mobile." *Id.* at 357. In this case, there is no allegation who actually made the call, but neither is there any allegation that either Clear Credit or Manzoor held the caller out as an agent. Neither is there any allegation that Rojas relied on the existence of any agency relationship.

To the contrary, the only nexus alleged between Clear Credit or Manzoor in this case is registration of a web domain that Rojas was only provided *after* Rojas placed his own call. There is no allegation and, could not be, that Plaintiff ever relied to his detriment when he received the first call on that registration and no allegation of fact linking registration of the domain to control or direction of the call.

As the Court in *Bennett* observed when it dismissed the vicarious liability claim in that case, to survive a motion to dismiss such a claim requires that the complaint "allege facts sufficient to support an inference that the [vicariously liable] defendant acknowledges the telemarketer's activities." *Bennett*, 2024 WL 865837 at *4. An example would be if the prerecorded phone call expressly states that it is backed by the defendant. *See Charvet v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1151 (N.D. Ill. 2014) (allowing claim to proceed on vicarious liability because when the plaintiff called back to say he was interested, he was connected to a sale representative for defendant); *Vessal v. Alarm.com*, No. 17 C 2188, 2017 WL 4682736, at *3 (N.D. Ill. Oct. 18, 2017) (allowing case to proceed where caller stated it was calling for Alarm.com).

In this case, Rojas alleges that the call mentioned only Total Relief Services and there is no factual allegation connecting any of the Defendants to that entity. Instead, there is only a conclusion (again, really an argument) that upon Rojas's say-so the Court should substitute "Defendants" for the language in the call, even if none of the Defendants, including Clear Credit and Manzoor, were mentioned. This is nothing more than a conclusion – and one that is inconsistent with the language of the prerecorded message, the text of which is recited in the SAC. *See* Dkt. 58 ¶ 27.

Other allegations deemed sufficient to state a vicarious liability claim include the classic earmarks required for any agency-based claim, *i.e.*, that the defendant maintained control over the content, timing and recipients of the call, for example an allegation that the defendant provided criterion to the caller about to whom to make calls. *See Guadian v. DebtBlue LLC,* No. EP-23-CV-329-KC, 2024 WL 5184488, at *4 (W.D. Tex. Apr. 16, 2024) (allowing claim against one defendant based on such allegations but dismissing other defendants where only a contractual relationship with the caller was alleged). Again, there are no such allegations in this case about either Clear Credit or Manzoor.

In *Bennett*, the Court dismissed the vicarious liability claim because the complaint alleged only that the live operator on a call "name-dropped" a product sold by the defendant and did "not allege facts suggesting that Celtic actively interacted with the live operators by 'backing' them or allowing them to use or sell its exclusive products." *Bennett*, 2024 WL 865837 at *4. Plaintiff in that case further did not allege that she interacted directly with the defendant as a result of the call at issue. *Id.* The same is true here: Rojas does not allege <u>any</u> interaction as a result of the call with Clear Credit – and this is even more true of Manzoor.

9

Other cases dismiss vicarious liability claims that fail to allege facts that "plausibly link the defendant's conduct to the calls [plaintiff] received." *Lightfoot v. SelectQuote, Inc.*, No. 1:24-CV-04673, 2025 WL 1547495, at *2 (N.D. Ill. May 30, 2025) (granting motion to dismiss). Neither can Plaintiff satisfy his pleading obligations by substituting boilerplate conclusions for factual allegations. *See* Dkt. 58 ¶¶ 24, 28, 32, 34, 42, 46-52, 57-72 (arguing, without factual support, entire narratives about the Defendants, including the use of fictitious names and schemes to personally participate in telemarketing campaigns). These cases apply as to both Clear Lead and Manzoor – but particularly Manzoor, for whom the only conduct alleged is historical registration of web domain, an act not linked to the call to Rojas, by which time it appears the owner of the domain was different in any event.

Courts also dismiss TCPA claims where the only reference to a defendant is a conclusory assertion that the call "promoted" that defendant's services, with no factual allegations tying the defendant to the operative conduct. *See Lightfoot*, 2025 WL 1547495 at *2 n. 1 ("Lightfoot's conclusory allegation that the 'pre-recorded call on his cellphone promoted insurance products from Defendant' is not taken as true."), citing *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021) (affirming dismissal and noting that while "[w]e construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded facts as true, and draw all reasonable inferences in the plaintiff's favor, but 'we need not accept as true statements of law or unsupported conclusory factual allegations.'") As the Seventh Circuit emphasized in *Warciak*, "it is unreasonable…to contrive an inference [of agency] when the scarce facts barely allege a claim." 949 F.3d at 357. Here, a historical WHOIS entry, a domain registration, or even an address, in no way demonstrates that either Clear Lead or Manzoor "controlled or directed" the call that Rojas received but that mentioned neither of these defendants.

**CONCLUSION**

No defendant should have the burden of defending a nationwide TCPA class action on such scarce facts as are alleged here, which is why the Seventh Circuit in *Warciak* emphasized mere association with a product, service, or marketing vendor does not suffice to state a claim and is no substitute of well-pleaded facts showing the defendant actually caused the call to occur. *See id.* The SAC contains no such factual allegations here, either for direct liability as to Clear Lead or vicarious liability as to Clear Credit and Manzoor. The SAC is Rojas's third attempt to state a claim. He still has not because he cannot do so. As such, this case is properly dismissed with prejudice.

Date: December 9, 2025                                         Respectfully submitted,

 

                                                  **CLEAR CREDIT AI, LLC,**
                                                  **CLEAR LEAD SOLUTIONS CORP., and**
                                                  **SAJEEL MANZOOR,**

                                                  By:     <u>s/ Robert M. Andalman</u>
                                                                One of their Attorneys

 

Robert M. Andalman (Atty. No. 6209454)
Rachael Blackburn (Atty. No. 6277142)
Khoa D. Trinh (Atty. No. 6351044)
ARONBERG GOLDGEHN DAVIS & GARMISA
225 West Washington St., 28th Floor
Chicago, IL 60606
Tel.: (312) 755-3161
randalman@agdglaw.com
rblackburn@agdglaw.com
ktrinh@agdglaw.com

11

## CERTIFICATE OF SERVICE

    I, Robert M. Andalman, an attorney, hereby certify that the foregoing *MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT* was electronically filed on December 9, 2025, and will be served by ECF on counsel of record.

                                                      /s/ Robert M. Andalman